Bank of N.Y. Mellon v Yacoob (2020 NY Slip Op 02451)





Bank of N.Y. Mellon v Yacoob


2020 NY Slip Op 02451


Decided on April 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
COLLEEN D. DUFFY
BETSY BARROS, JJ.


2017-01411
 (Index No. 510132/14)

[*1]Bank of New York Mellon, etc., respondent,
v
Nadia Yacoob, et al., appellants, et al., defendants.


Jeffrey M. Kramer, Brooklyn, NY, for appellant Nadia Yacoob.
Berg & David, PLLC, Brooklyn, NY (Abraham David and Shan Wax of counsel), for appellant 1060 Halsey Pl Realty, LLC.
Druckman Law Group PLC, Westbury, NY (Stuart L. Druckman and Maria Sideris of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Nadia Yacoob appeals, and the defendant 1060 Halsey Pl Realty, LLC, separately appeals, from an order of the Supreme Court, Kings County (Mark I. Partnow, J.), dated November 4, 2016. The order, insofar as appealed from by the defendant Nadia Yacoob, denied her motion for summary judgment dismissing the complaint insofar as asserted against her. The order, insofar as appealed from by the defendant 1060 Halsey Pl Realty, LLC, denied those branches of that defendant's motion which were for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim to discharge the mortgage of record, and to cancel the notice of pendency.
ORDERED that the order is reversed insofar as appealed from, on the law, with one bill of costs, the motion of the defendant Nadia Yacoob for summary judgment dismissing the complaint insofar as asserted against her is granted, and those branches of the motion of the defendant 1060 Halsey Pl Realty, LLC, which were for summary judgment dismissing the complaint insofar as asserted against it and on its counterclaim to discharge the mortgage of record, and to cancel the notice of pendency are granted.
On April 18, 2008, the plaintiff's predecessor in interest, Bank of New York, commenced an action (hereinafter the 2008 action) against the defendant Nadia Yacoob and others to foreclose a mortgage which it alleged that Yacoob had provided as security for a note she executed with Bank of New York's predecessor in interest, Countrywide Bank, N.A. In its complaint, Bank of New York elected to accelerate the entire balance of the mortgage debt and demand its immediate payment.
By order dated August 21, 2009, the Supreme Court denied Bank of New York's motion for an order of reference. Thereafter, on September 16, 2010, Bank of New York filed with the court a stipulation discontinuing the 2008 action without prejudice. A second purported stipulation of discontinuance was filed on June 6, 2012.
In October 2014, the plaintiff, Bank of New York's successor in interest, commenced [*2]this action to foreclose the mortgage against Yacoob, among others. Approximately one month later, Yacoob sold the premises to the defendant 1060 Halsey Pl Realty, LLC (hereinafter Halsey, and hereinafter together with Yacoob, the defendants). Halsey moved for leave to intervene in this action, and the Supreme Court granted the motion by order dated September 8, 2015.
In December 2015, Halsey moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against it as time-barred and for related relief. Yacoob moved for summary judgment dismissing the complaint insofar as asserted against her as time-barred. By order dated November 4, 2016, the Supreme Court denied the motions, determining that the plaintiff demonstrated an intent to revoke the acceleration of the loan by its predecessor's discontinuation of the 2008 action, coupled with notices of intent to accelerate dated April 2, 2012, and June 26, 2013, sent by Bank of New York's servicer. Halsey and Yacoob separately appeal. We reverse.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due (see U.S. Bank N.A. v Leone, 175 AD3d 1452, 1453; U.S. Bank Trust, N.A. v Aorta, 167 AD3d 807, 808). Once a mortgage debt is accelerated, however, the statute of limitations begins to run on the entire debt (see U.S. Bank N.A. v Leone, 175 AD3d at 1453; U.S. Bank Trust, N.A. v Aorta, 167 AD3d at 808). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (U.S. Bank N.A. v Leone, 175 AD3d at 1454, quoting HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030).
Here, as the plaintiff concedes, the defendants established that the six-year statute of limitations began to run on the entire debt on April 18, 2008, the date the mortgage debt was accelerated upon commencement of the 2008 action, wherein the entire balance of the mortgage debt was declared immediately due (see Bank of N.Y. Mellon v Alli, 175 AD3d 1472, 1473; Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632-633, lv granted in part 33 NY3d 1039). Since this action was commenced on October 14, 2014, more than six years after the mortgage debt was accelerated, the defendants sustained their initial burdens of demonstrating, prima facie, that this action was untimely (see Bank of N.Y. Mellon v Alli, 175 AD3d at 1473; Freedom Mtge. Corp. v Engel, 163 AD3d at 633).
In opposition, the plaintiff failed to raise a triable issue of fact. Contrary to the plaintiff's contention, Bank of New York's execution of the stipulation of discontinuance of the 2008 action did not, by itself, constitute an affirmative act revoking acceleration (see Bank of N.Y. Mellon v Craig, 169 AD3d 627, 629; Freedom Mtge. Corp. v Engel, 163 AD3d at 633). Notably, the stipulation was silent on the issue of acceleration and did not otherwise indicate that the plaintiff would accept installment payments (see Bank of N.Y. Mellon v Craig, 169 AD3d at 629; Freedom Mtge. Corp. v Engel, 163 AD3d at 633). Moreover, a notice of de-acceleration must be "clear and unambiguous to be valid and enforceable" (Milone v US Bank N.A., 164 AD3d 145, 153). Here, the notices of intent and 90-day notices which were sent prior to commencement of this action were completely silent as to de-acceleration. Accordingly, the Supreme Court should have granted Yacoob's motion for summary judgment dismissing the complaint insofar as asserted against her, and those branches of Halsey's motion which were for summary judgment dismissing the complaint insofar as asserted against it and for related relief (see U.S. Bank N.A. v Leone, 175 AD3d at 1454; U.S. Bank Trust, N.A. v Aorta, 167 AD3d at 809).
In light of our determination, the defendants' remaining contentions have been rendered academic.
RIVERA, J.P., CHAMBERS, DUFFY and BARROS, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court