Assyag v Wells Fargo Bank, N.A. (2020 NY Slip Op 04908)





Assyag v Wells Fargo Bank, N.A.


2020 NY Slip Op 04908


Decided on September 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
CHERYL E. CHAMBERS
JEFFREY A. COHEN
COLLEEN D. DUFFY, JJ.


2017-10557
 (Index No. 707845/15)

[*1]Zahi Assyag, respondent, 
v
Wells Fargo Bank, N.A., appellant.


Reed Smith LLP, New York, NY (Andrew B. Messite and Joseph Teig of counsel), for appellant.
Law Office of Laurence D. Gerowitz, P.C., New York, NY, for respondent.



DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from an order of the Supreme Court, Queens County (Diccia T. Pineda-Kirwin, J.), entered August 9, 2017. The order denied the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is granted.
In November 2007, the plaintiff borrowed the sum of $533,850 from the defendant, Wells Fargo Bank, N.A. (hereinafter Wells Fargo). The subject loan was memorialized by a note and secured by a mortgage encumbering certain real property in Queens. In 2009, the plaintiff defaulted on his payment obligations under the note and mortgage, and Wells Fargo commenced an action on March 24, 2009 (hereinafter the 2009 action), to foreclose the mortgage. In the complaint in the 2009 action, Wells Fargo "elect[ed] to call due the entire amount secured by the mortgage." By judgment entered December 30, 2013, the 2009 action was dismissed without prejudice.
On July 24, 2015, the plaintiff commenced the instant action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. The plaintiff specifically alleged that more than six years had passed since Wells Fargo's acceleration of the mortgage on March 24, 2009, that the 2009 action had been dismissed, and that no new foreclosure action had been commenced within the six year limitations period. Wells Fargo interposed an answer asserting various affirmative defenses, including that it had de-accelerated the mortgage debt prior to the expiration of the statute of limitations.
In May 2017, Wells Fargo moved for summary judgment dismissing the complaint. Wells Fargo argued, through an affidavit of a vice president of loan documentation and annexed documentary evidence, that the acceleration of the note balance had been de-accelerated in a letter to the plaintiff dated March 11, 2015. In an order entered August 9, 2017, the Supreme Court denied the motion. Wells Fargo appeals.
Under RPAPL 1501(4), a person having an estate or an interest in real property subject to a mortgage can seek to cancel and discharge that encumbrance where the period allowed [*2]by the applicable statute of limitations for the commencement of an action to foreclose the mortgage has expired, provided that the mortgagee or its successor was not in possession of the subject real property at the time the action to cancel and discharge the mortgage was commenced (see Halfon v U.S. Bank, N.A., 169 AD3d 653, 654; Lubonty v U.S. Bank N.A., 159 AD3d 962, 963, affd 34 NY3d 250). An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d at 261; HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Lubonty v U.S. Bank N.A., 159 AD3d at 963 [internal quotation marks omitted]; see Kashipour v Wilmington Sav. Fund Socy., FSB, 144 AD3d 985, 986).
Here, the full debt was accelerated on March 24, 2009, when Wells Fargo commenced the 2009 action by filing the summons and complaint demanding, inter alia, payment of the full loan balance (see Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476; U.S. Bank N.A. v Atia, 178 AD3d 747, 749). Contrary to the Wells Fargo's contention, paragraph 19 of the mortgage did not prohibit it from validly accelerating the mortgaged debt at that time (see Bank of N.Y. Mellon v Dieudonne, 171 AD3d 34, 39).
To be valid, a party's de-acceleration of loan debt must occur within six years of the acceleration (see CPLR 213[4]), be accomplished by an affirmative act subsequent to the initial foreclosure action's acceleration (see 1081 Stanley Ave., LLC v Bank of New York Mellon Trust Company, N.A., 179 AD3d 984; NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068), and be clear and unambiguous in its meaning (see Milone v US Bank N.A., 164 AD3d 145, 153). Here, the sufficiency of the de-acceleration letter is not in dispute, other than its transmittal. Paragraph 15 of the mortgage provided, in relevant part, that any notice to the borrower is given "when mailed by first class mail or when actually delivered to [the borrower's] notice address if sent by other means," and that "[t]he notice address is the address of the Property unless [the borrower] give[s] notice to Lender of a different address." Wells Fargo's vice president of loan documentation averred that Wells Fargo was the holder and servicer of the subject loan, "made the [l]oan, collected and posted payments on the [l]oan, maintained the escrow account for the [l]oan, and handled all aspects of customer service relating to the [l]oan." She further averred that a de-acceleration letter was sent to the plaintiff by both certified mail and regular mail to the property address and to the plaintiff's separate mailing address on file. Wells Fargo concedes on appeal that the certified mailings were not accepted at its destination addresses, meaning that the mailings were not "delivered" to the plaintiff by that method as contractually required for notices transmitted by other than regular mail.
As for the de-acceleration letters sent by regular mail, Wells Fargo's vice president of loan documentation averred that she was familiar with the mailing practices for such notices; that Wells Fargo followed its practices in this instance; that it was Wells Fargo's practice to generate and mail such notices to borrowers on the date indicated on the notice; that Wells Fargo's practice also included keeping a copy of any notice in the corresponding mortgage loan file as a record that the notice was mailed; that the de-acceleration notice was sent on March 11, 2015, by both certified mail and regular mail to the property address and the plaintiff's address; and that a copy of the de-acceleration notice for each of the two addresses was in the plaintiff's loan file in accordance with Wells Fargo's mailing procedures. Contemporaneous business records were attached to the affidavit, showing that a de-acceleration letter was "mailed to property address on 31115." Through the submission of that evidence, Wells Fargo established that de-acceleration letters were, in fact, sent by regular mail in compliance with the expressed terms of the mortgage (see US Bank National Association v Bochicchio, 179 AD3d 1133; Citimortgage, Inc. v Borek, 171 AD3d 848, 850). The mailing procedures described in this case appear identical to those that this Court recognized as satisfactory in Pennymac Holdings, LLC v Lane (171 AD3d 774, 775). Indeed, it is difficult to identify what additional evidence could be expected or required for Wells Fargo to demonstrate that it had transmitted the de-acceleration notice to the proper addresses by regular mail on the date indicated. The de-acceleration notice dated March 11, 2015, was mailed within six years from the debt acceleration occurring upon the commencement of the first action on March 24, 2009. Wells Fargo, in moving for summary judgment, therefore met its prima facie burden of establishing its entitlement to judgment as a matter of law dismissing the complaint (see Alvarez v Prospect Hosp., 68 NY2d 320, 324; Milone v US Bank N.A., 164 AD3d at 154).
In opposition, the plaintiff failed to raise a triable issue of fact. On appeal, the plaintiff's fails to explain how or in what manner Wells Fargo's evidence of the regular mailings was deficient. The plaintiff's mere self-serving denial of receipt of the de-acceleration notice by regular mail is insufficient to overcome the legal presumption of its delivery in the regular course of the mail (see Nassau Ins. Co. v Murray, 46 NY2d 828, 829-830; Trusts & Guar. Co. v Barnhardt, 270 NY 350, 352; Charles Schwab Bank v Winitch, 179 AD3d 1003). Further, the plaintiff's United States Postal Service evidence that he never "received" the certified mailings does not defeat summary judgment as it fails to address Wells Fargo's evidence of the parallel regular mailings.
Accordingly, the Supreme Court should have granted Wells Fargo's motion for summary judgment dismissing the complaint.
DILLON, J.P., CHAMBERS, COHEN and DUFFY, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court