HSBC Bank USA, N.A. v Michael (2021 NY Slip Op 01033)





HSBC Bank USA, N.A. v Michael


2021 NY Slip Op 01033


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-10308
 (Index No. 1234/16)

[*1]HSBC Bank USA, National Association, etc., respondent,
v
Maroulla Michael, appellant, et al., defendants.


Young Law Group, PLLC, Bohemia, NY (Ivan E. Young and Justin Pane of counsel), for appellant.
Hogan Lovells US LLP, New York, NY (Allison J. Schoenthal and Leah Edmunds of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Maroulla Michael appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered February 8, 2019. The order and judgment of foreclosure and sale, upon two orders of the same court, both entered May 22, 2018, inter alia, denying that defendant's motion for summary judgment dismissing the complaint insofar as asserted against her as time-barred and on her counterclaim for an award of attorneys' fees, and granting those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike her answer, and for an order of reference, and upon an order of the same court, also entered February 8, 2019, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale, inter alia, confirmed the referee's report and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is reversed, on the law, with costs, those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant Maroulla Michael, to strike her answer, and for an order of reference are denied, the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale is denied, and the two orders entered May 22, 2018, and the order entered February 8, 2019, are modified accordingly.
In 2004, the defendant Maroulla Michael (hereinafter the defendant) executed a note in the sum of $480,000 in favor of Coastal Capital Corp. which was secured by a mortgage encumbering certain real property located in Massapequa. Subsequently, the mortgage loan was assigned to the plaintiff. The defendant was sent a notice of default dated February 18, 2008. On May 13, 2009, the plaintiff commenced an action to foreclose the mortgage against the defendant and others (hereinafter the 2009 action). In the complaint, the plaintiff "elect[ed] to call due the entire amount secured by the mortgage." The 2009 action was subsequently dismissed for the plaintiff's failure to take steps to resume prosecution of the action. Thereafter, on May 13, 2015, Wells Fargo Bank, N.A. (hereinafter Wells Fargo), as servicer for the plaintiff, sent a letter via certified mail to the defendant, purportedly revoking any prior acceleration of the loan.
On February 17, 2016, the plaintiff commenced the instant foreclosure action. In her answer, the defendant asserted, as a first affirmative defense, that the action was time-barred. Thereafter, the defendant moved for summary judgment dismissing the complaint insofar as asserted against her as time-barred and on her counterclaim for an award of attorneys' fees. The plaintiff cross-moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. By two orders entered May 22, 2018, the Supreme Court, among other things, denied the defendant's motion and granted those branches of the plaintiff's cross motion. By order entered February 8, 2019, the court granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale. By order and judgment of foreclosure and sale, also entered February 8, 2019, the court, inter alia, confirmed the referee's report and directed the sale of the subject property. The defendant appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due (see Bank of N.Y. Mellon v Yacoob, 182 AD3d 566, 567; U.S. Bank N.A. v Leone, 175 AD3d 1452, 1453). "However, 'even if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt'" (Freedom Mtge. Corp. v Engel, 163 AD3d 631, 632, lv granted in part 33 NY3d 1039, quoting EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (HSBC Bank USA, N.A. v Gold, 171 AD3d 1029, 1030 [internal quotation marks omitted]; see Milone v US Bank N.A., 164 AD3d 145, 154).
Here, in support of her motion, the defendant established that the six-year statute of limitations (see CPLR 213[4]) began to run on the entire debt on May 13, 2009, when the plaintiff accelerated the mortgage debt by its commencement of the 2009 foreclosure action (see U.S. Bank N.A. v Bernice 380 Corp., 186 AD3d 1750, 1752). Since the instant action was commenced on February 17, 2016, more than six years after the mortgage debt was accelerated, the defendant sustained her initial burden of demonstrating, prima facie, that the action was untimely (see id. at 1752; Bank of N.Y. Mellon v Yacoob, 182 AD3d at 568).
However, in opposition, the plaintiff raised a triable issue of fact as to whether it timely revoked its election to accelerate the mortgage. The plaintiff submitted the affidavit of Brandon McNeal, vice president of loan documentation for Wells Fargo, the plaintiff's loan servicer, that demonstrated that the plaintiff sent the defendant a de-acceleration letter within six years of the commencement of the initial foreclosure action; the debt was accelerated on May 13, 2009, and the de-acceleration letter was sent on May 13, 2015 (see Assyag v Wells Fargo Bank, N.A., 186 AD3d 1303, 1305). McNeal attested that according to the records maintained by Wells Fargo, on May 13, 2015, Wells Fargo, as servicer for the plaintiff, sent the de-acceleration letter dated May 13, 2015, to the defendant at the subject property via certified mail. The letter, along with a screen shot of the business record relied on, were annexed to the affidavit. However, there are triable issues of fact with regard to the delivery of the de-acceleration letter that was sent via certified mail. Pursuant to paragraph 15 of the mortgage, any notice sent to the defendant, if not sent by first-class mail, is deemed given "when actually delivered." Here, the plaintiff failed to provide proof of delivery of the de-acceleration letter or that the delivery method used was in accordance with the provisions of the mortgage (see generally Soroush v Citimortgage, Inc., 161 AD3d 1124, 1127). Accordingly, the Supreme Court properly denied the defendant's motion, inter alia, for summary judgment dismissing the complaint insofar as asserted against her on the ground that the action was time-barred.
For the same reasons, the plaintiff failed to establish, prima facie, that it timely revoked its election to accelerate the mortgage (see HSBC Bank USA N.A. v Bhatti, 186 AD3d 817; Soroush v Citimortgage, Inc., 161 AD3d 1124). Therefore, the Supreme Court should have denied those branches of the plaintiff's cross motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference.
The parties' remaining contentions are either without merit or not properly before this Court.
DILLON, J.P., HINDS-RADIX, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court