Pennymac Corp. v Smith (2021 NY Slip Op 06181)





Pennymac Corp. v Smith


2021 NY Slip Op 06181


Decided on November 10, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 10, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
BETSY BARROS
VALERIE BRATHWAITE NELSON, JJ.


2018-11466
 (Index No. 708740/17)

[*1]Pennymac Corp., appellant, 
v
Swinton Smith, etc., et al., respondents, et al., defendants.


Blank Rome, LLP, New York, NY (Jacquelyn A. DiCicco and Diane M. Eng of counsel), for appellant.
Leila Rose-Gordon, Elmont, NY, for respondents.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Chereé A. Buggs, J.), dated August 22, 2018. The order denied the plaintiff's motion, inter alia, for summary judgment on the complaint and an order of reference, and granted that branch of the cross motion of the defendants Swinton Smith and Sherley Joseph which was to dismiss the complaint insofar as asserted against them as time-barred.
ORDERED that the order is reversed, on the law, with costs, the plaintiff's motion, inter alia, for summary judgment on the complaint and an order of reference is granted, and that branch of the cross motion of the defendants Swinton Smith and Sherley Joseph which was to dismiss the complaint insofar as asserted against them as time-barred is denied.
On or about January 18, 2007, the defendant Swinton Smith executed a note in the sum of $430,200 in connection with the purchase of property located in Rosedale. Smith and his wife, the defendant Sherley Joseph (hereinafter together the defendants), executed a mortgage to secure the loan.
On August 21, 2009, the plaintiff's predecessor-in-interest commenced an action to foreclose the mortgage against the defendants, and others (hereinafter the prior action). In January 2014, while the prior action was still pending, the mortgage was assigned to the plaintiff. On May 4, 2015, the Supreme Court, after a hearing to determine the validity of service of process, granted a cross motion by Smith to dismiss the complaint in the prior action insofar as asserted against him for lack of personal jurisdiction. On July 2, 2015, the plaintiff's servicing agent sent a letter to Smith, at the subject property, stating that the mortgage loan had been de-accelerated and that the previous acceleration of the loan was revoked and nullified, thereby returning the loan to its installment status. The prior action eventually was discontinued by the plaintiff's predecessor-in-interest sometime after August 26, 2015.
Thereafter, on June 23, 2017, the plaintiff commenced this action to foreclose the mortgage. After the defendants joined issue, the plaintiff moved, inter alia, for summary judgment on the complaint and an order of reference. The motion was supported, inter alia, by an affidavit from an employee of the plaintiff's servicing agent. The defendants opposed the motion, and cross-[*2]moved, inter alia, to dismiss the complaint insofar as asserted against them on the ground that the action was time-barred. The Supreme Court denied the plaintiff's motion and granted that branch of the defendants' cross motion, and the plaintiff appeals.
As a threshold matter, the Supreme Court correctly determined that the filing of the complaint in the prior action evinced a clear election by the plaintiff's predecessor to accelerate the debt and, therefore, commenced the running of the six-year statute of limitations on the entire debt (see Freedom Mtge. Corp. v Engel, 37 NY3d 1; Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472). The plaintiff's arguments to the contrary are without merit (see Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658; see also Bank of N.Y. Mellon v Dieudonne,171 AD3d 34; accord Everhome Mtge. Co. v Aber, 195 AD3d 682). Since this action was commenced on June 23, 2017—more than six years after the mortgage debt was accelerated—the defendants sustained their initial burden on their cross motion of demonstrating, prima facie, that the action was untimely.
However, in opposition, the plaintiff established that it timely revoked its election to accelerate the debt. Specifically, the July 2, 2015 de-acceleration letter clearly and unequivocally revoked the prior acceleration and informed Smith that the loan was returned to installment status (see U.S. Bank N.A. v Kropp-Somoza, 191 AD3d 918). Moreover, the plaintiff submitted proof that the de-acceleration letter was sent to Smith on July 2, 2015, by first-class mail, as required pursuant to the terms of the mortgage instrument (cf. HSBC Bank USA, N.A. v Michael, 191 AD3d 850). Smith's bald denial of receipt was insufficient to disprove the plaintiff's compliance with the notice requirements of the mortgage instrument (cf. HSBC Bank USA, N.A. v Hochstrasser, 193 AD3d 915; Assyag v Wells Fargo Bank, N.A., 186 AD3d 1303). Accordingly, the Supreme Court should have denied that branch of the defendants' cross motion which was to dismiss the complaint insofar as asserted against them as time-barred.
"Generally, in moving for summary judgment in an action to foreclose a mortgage, a plaintiff establishes its prima facie case through the production of the mortgage, the unpaid note, and evidence of default" (Deutsche Bank Natl. Trust Co. v Brewton, 142 AD3d 683, 684 [internal quotation marks omitted]). "Where . . . standing is put into issue by a defendant, the plaintiff must prove its standing in order to be entitled to relief" (Aurora Loan Servs., LLC v Taylor, 114 AD3d 627, 628 [internal quotation marks omitted]). Here, the plaintiff established its prima facie entitlement to judgment as a matter of law by submitting sufficient evidence to demonstrate that it had standing to commence the subject action and presenting the mortgage, unpaid note, and evidence of default (see Aurora Loan Servs., LLC v Taylor, 114 AD3d 627). In opposition, the defendants failed to raise a triable issue of fact. Therefore, the Supreme Court should have granted the plaintiff's motion, inter alia, for summary judgment on the complaint and an order of reference.
CHAMBERS, J.P., HINDS-RADIX, BARROS and BRATHWAITE NELSON, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court