U.S. Bank N.A. v Dallas (2023 NY Slip Op 00124)

U.S. Bank N.A. v Dallas

2023 NY Slip Op 00124

Decided on January 11, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 11, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS, JJ.

2020-02638
 (Index No. 54355/17)

[*1]U.S. Bank National Association, etc., appellant,
v
Helen B. Dallas, etc., respondent, et al., defendants.

McCalla Raymer Leibert Pierce, LLC, New York, NY (Brian P. Scibetta and Harold Kofman of counsel), for appellant.
Legal Services of the Hudson Valley, Peekskill, NY (Jared L. Gilman of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to foreclose a mortgage, the plaintiff appeals from an order and judgment (one paper) of the Supreme Court, Westchester County (Sam D. Walker, J.), dated January 8, 2020. The order and judgment, upon an order of the same court (Kathie E. Davidson, J.) dated July 19, 2019, inter alia, granting the motion of the defendant Helen B. Dallas to confirm a referee's report, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred, and for summary judgment on her counterclaims to cancel and discharge of record the subject mortgage and for an award of attorneys' fees, in effect, granted that defendant's application for an award of attorneys' fees in the sum of $90,290 to the extent of awarding her attorneys' fees in the sum of $30,000, dismissed the complaint insofar as asserted against her, and cancelled and discharged of record all notices of pendency and the subject mortgage.
ORDERED that the order and judgment is affirmed, with costs.
On August 4, 2006, the defendant Helen B. Dallas executed a note in the sum of $457,500, which was secured by a mortgage on real property located in White Plains. In May 2008, the plaintiff's predecessor in interest commenced an action to foreclose the mortgage against Dallas, among others, alleging that Dallas defaulted on the note and mortgage by failing to make the payment due on January 1, 2007, and all payments thereafter (hereinafter the 2008 foreclosure action). In the complaint, the plaintiff's predecessor in interest elected to declare "immediately due and payable the entire unpaid balance of principal." In an order dated July 11, 2012, the Supreme Court directed dismissal of the complaint in the 2008 foreclosure action as abandoned pursuant to CPLR 3215(c).
On March 31, 2017, the plaintiff commenced this action, inter alia, to foreclose the mortgage against Dallas, among others. Dallas interposed an answer, asserting, among other things, an affirmative defense that the action was time-barred and counterclaims pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage and for an award of attorneys' fees pursuant to Real Property Law § 282.
Dallas moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as [*2]asserted against her on the ground that the action was time-barred. The Supreme Court determined that Dallas made a prima facie showing that the statute of limitations had run, based upon the election in the 2008 foreclosure action to accelerate the mortgage debt, but that the plaintiff had raised a question of fact as to whether it revoked that prior election to accelerate. The court referred the issue of "whether plaintiff sent [Dallas] a de-acceleration letter or letters dated April 29, 2014," to a hearing before a referee. After the hearing, the referee issued a report finding that the plaintiff failed to demonstrate that it sent such a letter to Dallas in the manner required by the mortgage for any notices.
Dallas then moved to confirm the referee's report, pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred, and for summary judgment on her counterclaims to cancel and discharge of record the mortgage and for an award of attorneys' fees. In an order dated July 19, 2019, the Supreme Court, inter alia, granted Dallas's motion. Dallas then made an application for an award of attorneys' fees in the sum of $90,290. In an order and judgment dated January 8, 2020, the court in, effect, granted the application to the extent of awarding Dallas attorneys' fees in the sum of $30,000, dismissed the complaint insofar as asserted against her, and cancelled and discharged of record all notices of pendency and the subject mortgage. The plaintiff appeals.
Contrary to the plaintiff's contention, the Supreme Court did not err in confirming the referee's report. "The report of a referee should be confirmed whenever the findings are substantially supported by the record, and the referee has clearly defined the issues and resolved matters of credibility" (Flagstar Bank, F.S.B. v Konig, 153 AD3d 790, 790-791; see CV XXVII, LLC v Trippiedi, 187 AD3d 847, 849; U.S. Bank N.A. v Sheth, 177 AD3d 1018, 1020). Here, the referee's report was substantially supported by the record, as the plaintiff failed to demonstrate that it revoked the prior election to accelerate the mortgage debt.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261). Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 21; Lubonty v U.S. Bank N.A., 34 NY3d at 261). It is not disputed that the full debt was accelerated in May 2008 when the plaintiff's predecessor in interest commenced the 2008 foreclosure action and elected to call due the full loan balance (see Freedom Mtge. Corp. v Engel, 37 NY3d at 22-23).
Dallas does not challenge the noteholder's right under the subject note and mortgage to revoke an acceleration. "To be valid, a party's de-acceleration of loan debt must occur within six years of the acceleration (see CPLR 213[4]), be accomplished by an affirmative act subsequent to the initial foreclosure action's acceleration, and be clear and unambiguous in its meaning" (Assyag v Wells Fargo Bank, N.A., 186 AD3d 1303, 1305 [citations omitted]; see 1081 Stanley Ave., LLC v Bank of N.Y. Mellon Trust Co., N.A., 179 AD3d 984, 986). In addition, paragraph 15 of the mortgage agreement provides that any notice to Dallas "is considered given" when mailed by first-class mail or when actually delivered to Dallas's notice address if sent by other means. Contrary to the plaintiff's contention, the evidence it presented at the hearing failed to establish that a de-acceleration notice was sent to Dallas by first-class mail or actually delivered to her address. The certified mail receipts were not signed and did not indicate that delivery occurred (see Assyag v Wells Fargo Bank, N.A., 186 AD3d at 1305), and the plaintiff failed to provide proof of first-class mailing or proof of a standard office mailing procedure designed to ensure that items are properly addressed and mailed, by someone with personal knowledge of the procedure purportedly used (see 1081 Stanley Ave., LLC v Bank of N.Y. Mellon Trust Co., N.A., 179 AD3d at 986; Soroush v Citimortgage, Inc., 161 AD3d 1124, 1127; cf. U.S. Bank Trust, N.A. v Sadique, 178 AD3d 984, 986). Accordingly, the Supreme Court properly granted that branch of Dallas's motion which was to confirm the referee's report.
Since Dallas established that this action was time-barred, the Supreme Court also properly granted those branches of her motion which were pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred and for summary judgment on her [*3]counterclaims to cancel and discharge of record the mortgage and for an award of attorneys' fees.
BRATHWAITE NELSON, J.P., RIVERA, CHAMBERS and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court