U.S. Bank N.A. v 32-49 107 St., Inc. (2023 NY Slip Op 04333)

U.S. Bank N.A. v 32-49 107 St., Inc.

2023 NY Slip Op 04333

Decided on August 16, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 16, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.

2021-06682
 (Index No. 721221/19)

[*1]U.S. Bank National Association, appellant 
v
32-49 107 Street, Inc., respondent, et al., defendants.

Roach & Lin, P.C., Syosset, NY (Michael C. Manniello and Hans Augustin of counsel), for appellant.
Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from a judgment of the Supreme Court, Queens County (Robert J. McDonald, J.), dated August 16, 2021. The judgment, insofar as appealed from, upon an order of the same court dated July 2, 2021, inter alia, granting that branch of the cross-motion of the defendant 32-49 107 Street, Inc., which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred, dismissed the complaint insofar as asserted against that defendant as time-barred.
ORDERED that the judgment is affirmed insofar as appealed from, with costs.
Contrary to the plaintiff's contention, as the owner of the subject property at the time this action was commenced, 32-49 107 Street, Inc. (hereinafter 32-49 107 Street), had standing to assert a statute of limitations defense (see Deutsche Bank Natl. Trust Co. v MacPherson, 200 AD3d 647, 649). An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; U.S. Bank N.A. v Dallas, 212 AD3d 680, 682). Where the mortgage debt is accelerated, the entire balance of the debt accrues and the statute of limitations begins to run on the full amount due (see U.S. Bank N.A. v Dallas, 212 AD3d at 682). It is not disputed that the full debt was accelerated in September 2010, when the plaintiff commenced a foreclosure action and elected to call due the full loan balance (see id.). This action was commenced in December 2019, more than six years later. Thus, 32-49 107 Street established its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it as untimely, and the plaintiff failed to raise a triable issue of fact in opposition (see U.S. Bank N.A. v Derissaint, 193 AD3d 790).
Accordingly, the Supreme Court properly granted that branch of the cross-motion of 32-49 107 Street which was for summary judgment dismissing the complaint insofar as asserted against it as time-barred.
BARROS, J.P., MALTESE, FORD and DOWLING, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court