Aspen Props. Group, LLC v Preston (2023 NY Slip Op 04745)

Aspen Props. Group, LLC v Preston

2023 NY Slip Op 04745

Decided on September 27, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 27, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
DEBORAH A. DOWLING
LILLIAN WAN, JJ.

2020-01238
2020-01239
 (Index No. 600527/19)

[*1]Aspen Properties Group, LLC, etc., respondent,
v
Gregory R. Preston, as administrator of the estate of Elsa Rodriguez Preston, appellant, et al., defendants.

Preston & Wilkins, Levittown, NY (Gregory R. Preston pro se of counsel), for appellant.
The Margolin & Weinreb Law Group, LLP, Syosset, NY (Seth D. Weinberg and Owen Robinson of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the appeal is from two orders of the Supreme Court, Nassau County (Thomas A. Adams, J.), both dated November 8, 2019. The first order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Elsa Rodriguez Preston, to strike her answer, and for an order of reference, and denied the cross-motion of Elsa Rodriguez Preston pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. The second order, insofar as appealed from, granted the same relief to the plaintiff, denied the same relief to Elsa Rodriguez Preston, and appointed a referee to compute the amount due on the note.
ORDERED that the orders are reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against Elsa Rodriguez Preston, to strike her answer, and for an order of reference are denied, and the cross-motion of Elsa Rodriguez Preston pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her is granted.
On December 23, 2002, Elsa Rodriguez Preston (hereinafter the decedent) opened a home equity line of credit (hereinafter the HELOC), with a credit limit of $39,600, in favor of nonparty IndyMac Bank, F.S.B. (hereinafter IndyMac). The HELOC was secured by a mortgage on certain real property located in Nassau County.
In August 2007, nonparty TCIF Bar, LLC (hereinafter TCIF), IndyMac's successor-in-interest, commenced an action to foreclose the mortgage against the decedent, among others (hereinafter the 2007 foreclosure action). The complaint stated, in relevant part, "Plaintiff elects to call due the entire amount secured by the mortgage." In an order dated June 23, 2009, the Supreme Court granted TCIF's motion to discontinue the 2007 foreclosure action.
In January 2019, the plaintiff, TCIF's successor-in-interest, commenced the instant [*2]action to foreclose the mortgage against the decedent, among others. In her answer, the decedent alleged that the action was time-barred. The plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the decedent, to strike her answer, and for an order of reference. The decedent cross-moved pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred. In two orders, both dated November 8, 2019, the Supreme Court granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the decedent, to strike her answer, and for an order of reference, and denied the decedent's cross-motion to dismiss the complaint insofar as asserted against her. The decedent appealed. During the pendency of the appeal, the decedent died, and Gregory R. Preston, as administrator of her estate, was substituted for her.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669; see Hudson City Sav. Bank, FSB v Schoenfeld, 172 AD3d 692, 693). "The burden then shift[s] to the plaintiff to present admissible evidence establishing that the action was timely or to raise a question of fact as to whether the action was timely" (see U.S. Bank N.A. v Martin, 144 AD3d 891, 892). An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863).
Here, the HELOC was accelerated, and the statute of limitations began to run, in August 2007, when TCIF, the plaintiff's predecessor-in-interest, commenced the 2007 foreclosure action, in which it elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Ford, 208 AD3d 1199, 1201; U.S. Bank N.A. v Connor, 204 AD3d at 863). Contrary to the plaintiff's contention, pursuant to CPLR 3217, as amended by the Foreclosure Abuse Prevention Act (L 2022, ch 821, § 8 [eff Dec. 30, 2022]), the voluntary discontinuance of the prior action did not serve to revive or reset the statute of limitations (see CPLR 3217[e]; Bank of New York Mellon v Norton, _____ AD3d _____, 2023 NY Slip Op 04295 [2d Dept]). Since the instant action was commenced more than six years after the HELOC was accelerated, it is untimely.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the decedent, to strike her answer, and for an order of reference, and granted the decedent's cross-motion pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against her as time-barred.
The parties' remaining contentions need not be reached in light of our determination.
DILLON, J.P., MILLER, DOWLING and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court