Bank of N.Y. Mellon v Madoff (2024 NY Slip Op 51369(U))

[*1]

Bank of N.Y. Mellon v Madoff

2024 NY Slip Op 51369(U)

Decided on September 30, 2024

Supreme Court, Suffolk County

Quinlan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 30, 2024
Supreme Court, Suffolk County

The Bank of New York Mellon F/K/A the Bank of New York
as Successor in Interest to JPMorgan Chase Bank, N.A. 
 as Trustee for Structured Asset Mortgage Investments II Inc. Bear Stearns ALT-A Trust, 2004-4, Mortgage Pass-Through 
 Certificates Series 2004-4, Plaintiff,

against
Stephanie D. Madoff; Timothy J. Phillips; Union Federal Savings Bank; Clerk of the Suffolk County Traffic and Parking Violations Bureau; and "John Doe" and "Mary Doe"(Sais names being fictitious, it being the intention of plaintiff to designate any and all occupants, tenants, person or corporations, if any, having or claiming an interest in or lien upon the premises being foreclosed herein, Defendants.

Index No. 206950/2022

Davidson Fink, LLP
Attorneys for Plaintiff
400 Meridian Centre Boulevard, Suite 200
Rochester, NY 14618
By: James Corcoran, Esq.
Elliot S. Small and Associates
Attorneys for Defendant
One Huntington Quadrangle, Suite 3No4
Melville, NY 11747
By: Charles W. Marino, Esq.

Robert F. Quinlan, J.

ORDERED that, after hearing, defendant Timothy J. Phillips motion seeking summary judgment dismissing the action as to him based upon a violation of the statute of limitations is granted; and it is further
ORDERED that defendant Timothy J. Phillips is to submit judgment within thirty (30) days of the date of this order.
Defendant Timothy J. Phillips ("defendant") had filed a timely answer in this action raising the defense that the action violated the statute of limitations and moved for summary judgment to dismiss the action based upon that defense. The prior history of this action, as well the prior actions commenced on February 19, 2014 and December 12, 2019, and their discontinuances by court order, is set forth in this court's decision of November 2, 2023. It is clear that the filing of the prior action in 2014 accelerated the loan debt, commencing the statute of limitations (Aspen Properties Group v Preston, 219 AD3d 1475 [2d Dept 2023]). In opposition, plaintiff raised the claim that by letter dated July 9, 2018 mailed by certified mail to defendant by it's servicing agent, Specialized Loan Servicing, LLC ("SLS"), it revoked the acceleration in clear and unambiguous language. By order date November 2, 2023 this court set a hearing addressing the issue of proof of mailing of the letter revoking acceleration in compliance with section 8 of the note and section 15 of the mortgage. The court noted in that decision that defendant did not raise any claim that the language of the letter was not a clear and unambiguous revocation of the acceleration of the debt, so the issue before the court was whether the mailing of that letter constituted notice under the terms of the note and mortgage. The hearing was held on December 4, 2023, after which the attorneys submitted the transcript of the hearing and filed post-hearing memorandums on February 1 6, 2024.
APPLICABILITY OF FAPA TO THIS ACTION
In December, 2022 the legislature passed the Foreclosure Abuse Prevention Act ("FAPA," l. 2022. ch 821, § 8 [eff. December 30, 2022]). Part of FAPA was a new section 3217 (e) of the CPLR, which states that a voluntary discontinuance of a foreclosure action, whether done by motion, stipulation or notice, shall not extend, toll or waive the statute of limitations. The Legislature's intent was that the provisions of FAPA should not only apply to any new foreclosure actions, but should also apply to any actions still pending in which a judgment of foreclosure and sale had not yet been reached. Although, as of yet, there is no appellate case that deals with the constitutionality of FAPA, the appellate courts have been consistent in applying the provisions of FAPA retroactively (US Bank v. Unger, — AD3d &mdash, 2024 NY Slip Op 04341 [2d Dept 2024]; HSBC v. Gifford, 224 AD3d 447 [1st Dept 2024]; Genovese v. Nationstar Marketing, 223 AD3d 37 [1st Dept 2024]; MTGLQ Investors, L.P. v. Singh, 216 AD3d 1087 [2d Dept. 2023]; Trust 2014-1 v. Kator, 213 AD3d 915 [2d Dept. 2023]). Accordingly, it appears that applying FAPA to this action, the voluntary discontinuance of the 2014 action cannot act to "decelerate" and reinstate the loan. 
Additionally, although plaintiff seeks to argue that the letter sent to defendant on July 9, 2018 "decelerated" and reinstated the loan, the enactment of FAPA also precludes that claim (CPLR 203 [h]). An attempt to revive the statute of limitations in an action by unilaterally mailing such a [*2]"revival" letter to defendant does not act to revive the statute of limitations (HSBC Bank, USA v. Corrales, 224 AD3d 816 [2d Dept 2024]).
As the prior action was filed on February 19, 2014, and this action was filed on November 30, 2022, over eight years after the debt secured by the mortgage was accelerated, applying the provisions of FAPA above, this action must be dismissed as to the moving defendant.[FN1]

DISMISSAL REQUIRED EVEN IF FAPA NOT APPLIED
But even applying the law as it stood before the enactment of FAPA, defendant's motion must be granted and the action dismissed as to him. The contractual language in both section 8 of the note and section 15 of the mortgage provide that notices are to be sent to defendant by first class mail and notice therein is deemed given upon mailing; if not sent by first-class mail (even if sent by certified or registered mail), it is deemed given only when actually delivered (U.S. Bank N.A. v Kissi, 219 AD3d 1551 [2d Dept 2023]; U.S. Bank v Dallas, 212 AD3d 680 [2d Dept 2023]HSBC Bank, N .A., USA v. Michael, 191 AD3d 850 [2d Dept 2021]). Here the evidence presented by plaintiff through an employee of SLS at best only establishes that the letters were mailed by certified mail to defendant, there is no proof of delivery offered. Further, although the SLS witness established her familiarity with the mailing practices and procedures of SLS, the evidence presented made it appear that the certified mailing was accomplished by a law firm on behalf of SLS, and mailed from Plainview, New York, which the witness acknowledged was not a location where SLS maintained any presence. The witness from SLS was unable to provide any familiarity with the mailing practices and procedures of that law firm, therefore could not establish the mailing of the certified letters sent to defendant, which defendant testified he never received (Deutsche Bank Natl. Trust Co. v Palomaria, — AD3d —, 2024 NY Slip Op 04374 [2d Dept 2024]).
Based upon the above, the court finds it unnecessary to address any issues involving the claim that the mailing address used for defendant in both the note and mortgage was sufficient to have allowed the certified mailing's receipt by defendant at the property address, or the efficacy of a mailing of the notice to an attorney, a relative of co-defendant Stephanie D. Madoff (defendant's former wife) who appears to have intervened on her behalf, but did not represent defendant.
Accordingly, defendant's motion for summary judgment dismissing the action as to him based upon it being commenced in violation of the statute of limitations is granted. The action may continue against the remaining defendants.
Defendant is to settle judgment within thirty (30) days of the date of this order.
This constitutes the decision and order of the court.
Dated: September 30, 2024
Hon. ROBERT F. QUINLAN, J..S.C.

Footnotes

Footnote 1:The court notes that although NYSCEF indicates that the summons and complaint were received on November 30, 2022, it also indicates that on the documents themselves that they were received on December 1. 2022 (NYSCEF Doc. #1).