U.S. Bank N.A. v Kropp-Somoza (2021 NY Slip Op 01082)





U.S. Bank N.A. v Kropp-Somoza


2021 NY Slip Op 01082


Decided on February 17, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 17, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
SYLVIA O. HINDS-RADIX
ROBERT J. MILLER
LINDA CHRISTOPHER, JJ.


2018-09231
 (Index No. 602571/16)

[*1]U.S. Bank National Association, etc., respondent,
v
Treena Ann Kropp-Somoza, etc., appellant, et al., defendants.


Fred M. Schwartz, Smithtown, NY, for appellant.
Aldridge Pite, LLP (Reed Smith LLP, New York, NY [Michael V. Margarella and Diane A. Bettino], of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the defendant Treena Ann Kropp-Somoza appeals from an order and judgment of foreclosure and sale (one paper) of the Supreme Court, Suffolk County (John H. Rouse, J.), entered April 30, 2018. The order and judgment of foreclosure and sale, upon an order of the same court dated November 20, 2017, inter alia, granting those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Treena Ann Kropp-Somoza, to strike that defendant's answer, and for an order of reference and denying that defendant's cross motion pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred, among other things, granted the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and directed the sale of the subject property.
ORDERED that the order and judgment of foreclosure and sale is affirmed, with costs.
In August 2005, the defendant Treena Ann Kropp-Somoza (hereinafter the defendant) executed a note in the sum of $319,600 which was secured by a mortgage on residential property located in Suffolk County. The defendant allegedly defaulted in her monthly payment obligations on the note beginning in December 2008. In July 2009, the plaintiff commenced an action (hereinafter the 2009 action) against the defendant, among others, to foreclose the mortgage, alleging that the defendant had defaulted on her payment obligations. In February 2015, the plaintiff discontinued the 2009 action.
In April 2015, the plaintiff's loan servicer transmitted a letter to the defendant. The letter noted that the plaintiff had "[p]reviously . . . accelerated the maturity of the Loan and declared all sums secured by the Security Instrument immediately due and payable." The letter went on to advise the defendant that the plaintiff "hereby de-accelerates the maturity of the Loan, withdraws its prior demand for immediate payment of all sums secured by the Security Instrument and re-institutes the Loan as an installment loan."
In February 2016, the plaintiff commenced the instant action to foreclose the same mortgage. The defendant interposed an answer. Thereafter, the plaintiff moved, inter alia, for [*2]summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference. The defendant opposed the plaintiff's motion and cross-moved pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred.
In an order dated November 20, 2017, the Supreme Court, among other things, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike her answer, and for an order of reference, and denied the defendant's cross motion to dismiss the complaint as time-barred. The court subsequently entered an order and judgment of foreclosure and sale, inter alia, granting the plaintiff's motion to confirm the referee's report and for a judgment of foreclosure and sale and directing the sale of the subject property. The defendant appeals from the order and judgment of foreclosure and sale. We affirm.
"To dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the applicable statute of limitations, a defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence the action has expired" (U.S. Bank N.A. v Gordon, 158 AD3d 832, 834-835 [internal quotation marks omitted]; see U.S. Bank N.A. v Greenberg, 170 AD3d 1237). "If the defendant satisfies this burden, the burden shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Gordon, 158 AD3d at 835 [internal quotation marks omitted]; see Stewart v GDC Tower at Greystone, 138 AD3d 729, 729).
Actions to foreclose a mortgage are governed by a six-year statute of limitations (see CPLR 213[4]; Wells Fargo Bank, N.A. v Eitani, 148 AD3d 193, 197; Wells Fargo Bank, N.A. v Burke, 94 AD3d 980, 982). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the [s]tatute of [l]imitations begins to run on the entire debt" (Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935 [internal quotation marks omitted]; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605). "A lender may revoke its election to accelerate the mortgage, but it must do so by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (NMNT Realty Corp. v Knoxville 2012 Trust, 151 AD3d 1068, 1069-1070).
Here, the defendant established, prima facie, that the instant action was untimely. The filing of the summons and complaint in the 2009 action constituted a valid election by the plaintiff to accelerate the maturity of the entire mortgage debt (see Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d at 935; Fannie Mae v 133 Mgt., LLC, 126 AD3d 670, 670). This established that the mortgage debt was accelerated in July 2009, and that, without more, the applicable six-year statute of limitations had expired by the time the plaintiff commenced the instant action in February 2016 (see Albertina Realty Co. v Rosbro Realty Corp., 258 NY 472, 476; Clayton Natl. v Guldi, 307 AD2d 982).
In opposition, however, the plaintiff demonstrated that it revoked its election to accelerate the mortgage within six years of the acceleration. The April 2015 letter contained "a clear and unequivocal demand that the homeowner meet her prospective monthly payment obligations" (Milone v US Bank N.A., 164 AD3d 145, 154). Contrary to the defendant's contention, the references in the April 2015 letter to her "continued default on the note" for sums that had already accrued under the original payment schedule (id. at 149) were not inconsistent with a de-acceleration and did not render the letter ineffective, as a matter of law, to provide notice of the plaintiff's decision to revoke its election to accelerate the mortgage (see id. at 154; see also Federal Natl. Mtge. Assn. v Rosenberg, 180 AD3d 401, 402; cf. Vargas v Deutsche Bank Natl. Trust Co., 168 AD3d 630, 630, lv granted 34 NY3d 910; but see U.S. Bank N.A. v Creative Encounters LLC, 183 AD3d 1086; Wells Fargo Bank, N.A. v Portu, 179 AD3d 1204, 1207).
The defendant's contention that the Supreme Court erred in granting that branch of the plaintiff's motion which was for summary judgment on the complaint insofar as asserted against her is also without merit. Contrary to the defendant's contention, the affidavit from an employee of the plaintiff's loan servicer was sufficient to lay a foundation for the admission of certain business [*3]records which were created by the prior loan servicer (see generally People v Cratsley, 86 NY2d 81, 90-91; State of New York v 158th St. & Riverside Dr. Hous. Co., Inc., 100 AD3d 1293, 1296). The employee set forth in her affidavit, among other things, that the records provided by the prior servicer "were incorporated into the [servicer's] own records and routinely relied upon by the [servicer] in its own business" (Bank of N.Y. Mellon v Gordon, 171 AD3d 197, 209; see Bank of Am., N.A. v Brannon, 156 AD3d 1, 8; cf. U.S. Bank, N.A. v Onuogu, 188 AD3d 756; Matter of Carothers v GEICO Indem. Co., 79 AD3d 864, 864-865).
The defendant's remaining contentions are without merit.
Accordingly, we affirm the order and judgment of foreclosure and sale.
DILLON, J.P., HINDS-RADIX, MILLER and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court