MTGLQ Invs., L.P. v Singh (2023 NY Slip Op 02779)

MTGLQ Invs., L.P. v Singh

2023 NY Slip Op 02779

Decided on May 24, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 24, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-01680
 (Index No. 608600/18)

[*1]MTGLQ Investors, L.P., respondent,
v
Harmel Singh, appellant, et al., defendants.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Robertson, Anschutz, Schneid, Crane & Partners, PLLC, Westbury, NY (Joseph F. Battista of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Harmel Singh appeals from an order of the Supreme Court, Nassau County (Thomas A. Adams, J.), entered January 21, 2020. The order, insofar as appealed from, granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant, to strike his answer, and for an order of reference, denied that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the action was time-barred and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Harmel Singh, to strike his answer, and for an order of reference are denied, and that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him on the ground that the action was time-barred and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage is granted.
In June 2006, the defendant Harmel Singh (hereinafter the defendant) executed a note in the sum of $389,600, which was secured by a mortgage on certain property located in Hicksville. On or about June 9, 2011, Aurora Loan Services, LLC (hereinafter Aurora), commenced an action against the defendant, among others, to foreclose the mortgage (hereinafter the 2011 action). On or about April 17, 2017, Aurora moved to discontinue the 2011 action on the ground that a condition precedent to commencement of the action was not met. By order dated June 5, 2017, the Supreme Court granted Aurora's motion and directed the cancellation of the notice of pendency. Thereafter, the mortgage was assigned to the plaintiff.
On June 27, 2018, the plaintiff commenced the instant action to foreclose the mortgage. The defendant interposed an answer asserting various affirmative defenses and a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. After the matter was released from the mandatory foreclosure settlement part, the plaintiff moved, inter alia, [*2]for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him on the ground that the action was time-barred and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. In an order entered January 21, 2020, the Supreme Court, inter alia, granted those branches of the plaintiff's motion, denied the defendant's cross-motion, and referred the matter to a referee to ascertain and compute the amount due on the mortgage loan. The defendant appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; U.S. Bank N.A. v Dallas, 212 AD3d 680, 682). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the holder of the note elects in the complaint to call due the entire amount secured by the mortgage (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 22; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916; Ditech Fin., LLC v Connors, 206 AD3d 694, 697).
Here, the defendant demonstrated, prima facie, that the six-year statute of limitations began to run on or about June 9, 2011, when Aurora commenced the 2011 action and elected to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Doura, 204 AD3d 721, 723; Wilmington Sav. Fund Socy., FSB v Iqbal, 195 AD3d 772, 773). The defendant further demonstrated that the instant action was commenced in 2018, more than six years later (see U.S. Bank N.A. v Doura, 204 AD3d at 723). In opposition, the plaintiff failed to raise a triable issue of fact. Under the recently enacted Foreclosure Abuse Prevention Act (L 2022, ch 821), the plaintiff is estopped from asserting that the debt was not validly accelerated by the commencement of the 2011 action based on lack of standing (see CPLR 213[4][a]; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916-917). Further, the voluntary discontinuance of the 2011 action did not serve to reset the statute of limitations (see CPLR 3217[e]; GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 917).
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court should have denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant, to strike his answer, and for an order of reference, and granted the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him and on his counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
BARROS, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court