U.S. Bank N.A. v Corcuera (2023 NY Slip Op 03371)

U.S. Bank N.A. v Corcuera

2023 NY Slip Op 03371

Decided on June 21, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 21, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
HELEN VOUTSINAS, JJ.

2020-06138
 (Index No. 718231/19)

[*1]U.S. Bank National Association, etc., appellant,
v
Miguel Corcuera, defendant-respondent, et al., defendants; Letitia James, etc., intervenor-respondent.

Woods Oviatt Gilman LLP (J. Robbin Law PLLC, Armonk, NY [Jonathan M. Robbin and Jacquelyn A. DiCicco], of counsel), for appellant.
David J. Broderick LLC, Forest Hills, NY, for defendant-respondent (no brief filed).
Letitia James, Attorney General, New York, NY (Barbara D. Underwood, Ester Murdukhayeva, and Mark S. Grube of counsel), intervenor-respondent pro se.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Maurice E. Muir, J.), entered June 2, 2020. The order, insofar as appealed from, granted that branch of the motion of the defendant Miguel Corcuera which was pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him as time-barred.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
On April 24, 2006, the defendant Miguel Corcuera (hereinafter the defendant) executed a note in the amount of $600,000 in favor of Downey Savings & Loan Association, F.A. (hereinafter Downey). The note was secured by a mortgage on certain real property located in Queens.
On June 24, 2008, Downey commenced an action to foreclose the mortgage against the defendant, among others. In a status conference order dated April 30, 2014, the Supreme Court directed Downey, inter alia, to move for an order of reference or for the "next applicable application" by June 25, 2014, the date of the next conference. After the conference on June 25, 2014, by an order of the same date, the court determined that Downey had failed to comply with the order dated April 30, 2014, and directed dismissal of the complaint, without prejudice. The order dated June 25, 2014, was entered in the Office of the County Clerk on July 23, 2014.
In November 2015, Downey moved to vacate the order entered July 23, 2014, and to restore the action to the calendar. That motion was denied by order dated March 30, 2016, and entered April 4, 2016.
By order to show cause dated July 20, 2016, which directed service upon the defendants or their attorneys, Downey moved to vacate the order entered July 23, 2014, and to restore the action to the calendar, and annexed copies of that order and the order entered April 4, 2016, to its motion papers. That motion was denied by order dated December 22, 2016, and entered January 19, 2017.
Downey made yet another motion to vacate the order entered July 23, 2014, and to restore the action to the calendar, which was denied by order dated February 23, 2018, and entered February 28, 2018.
In an order dated April 2, 2019, the Supreme Court denied a cross-motion by the defendant on the ground that he was in default, and denied Downey's motion to reargue that branch of its prior motion which was to vacate the order entered July 23, 2014, which was denied in the order entered February 28, 2018. On August 5, 2019, Downey served a copy of the order dated April 2, 2019, with notice of entry upon, among others, the defendant.
On October 25, 2019, the plaintiff, Downey's successor in interest, commenced the instant action to foreclose the mortgage against the defendant, among others. On December 30, 2019, the defendant moved, inter alia, pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against him on the ground that the action was time-barred. In opposition, the plaintiff argued that the instant action was timely because it was commenced within six months of service of the order dated April 2, 2019, with notice of entry.
In an order entered June 2, 2020, the Supreme Court, inter alia, granted that branch of the defendant's motion which was to dismiss the complaint insofar as asserted against him as time-barred. The plaintiff appeals.
"On a motion to dismiss a cause of action pursuant to CPLR 3211(a)(5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing, prima facie, that the time in which to sue has expired" (Wells Fargo Bank, N.A. v Burke, 155 AD3d 668, 669). "The burden then shift[s] to the plaintiff to present admissible evidence establishing that the action was timely or to raise a question of fact as to whether the action was timely" (U.S. Bank N.A. v Martin, 144 AD3d 891, 892).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 159 AD3d 962, 963, affd 34 NY3d 250). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see U.S. Bank N.A. v Connor, 204 AD3d 861, 862-863; Lubonty v U.S. Bank N.A., 159 AD3d at 963). The entire mortgage debt will be deemed to have been accelerated by, as relevant here, the commencement of a mortgage foreclosure action in which the complaint seeks payment of the full outstanding loan balance (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 31-32).
Here, the defendant established, prima facie, that the instant action was time-barred, by demonstrating that the debt was accelerated in 2008 upon commencement of the prior foreclosure action by Downey, and that six years had since elapsed (see id. at 31-32).
The plaintiff's contentions, inter alia, that the savings provision of CPLR 205(a) renders this action timely commenced are without merit. Under both CPLR 205(a) and newly enacted CPLR 205-a, "where an action is timely commenced and is terminated for any reason other than those specified in the statutes, the plaintiff may commence a new action upon the same transaction or occurrence within six months following the termination, provided that the new action would have been timely commenced within the applicable limitations period prescribed by law at the time of the commencement of the prior action. . . . [T]ermination of the prior action occurs when appeals as of right are exhausted" (U.S. Bank N.A. v Coleman, 215 AD3d 780, 782 [citation and internal quotation marks omitted]).
On this record, Downey's right to appeal as of right expired 30 days after service of the order entered April 4, 2016, with notice of entry (see Wells Fargo Bank, N.A. v Portu, 179 AD3d 1204, 1206). "[W]hen the appellant has served a copy of the judgment or order and written notice of its entry, the appeal must be taken within thirty days thereof" (CPLR 5513[a]). Downey served a copy of the order entered April 4, 2016, when it moved by order to show cause dated July 20, 2016, to vacate the order entered July 23, 2014, and to restore the action to the calendar, since the order entered July 23, 2014, and the order entered April 4, 2016, were included in its motion papers. Service of the motion papers, which included copies of those orders, stamped with the date of entry, were sufficient to trigger the 30-day period to take an appeal (see Dokaj v Ruxton Tower Ltd. [*2]Partnership, 55 AD3d 662; Matter of Xander Corp. v Haberman, 41 AD3d 489, 490; Meyer v Meyer, 228 AD2d 955). No appeal was taken. Downey's subsequent motions, including its unsuccessful motion for reargument, did not revive its right to appeal (see Favourite Ltd. v Cico, 208 AD3d 99, 113).
Accordingly, the plaintiff was not entitled to the benefits of CPLR 205(a), and we need not reach the question of whether the more stringent requirements of the newly-enacted CPLR 205-a are applicable to this case.
BARROS, J.P., RIVERA, GENOVESI and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court