MTGLQ Invs., L.P. v Lila (2024 NY Slip Op 02047)

MTGLQ Invs., L.P. v Lila

2024 NY Slip Op 02047

Decided on April 17, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 17, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-04560
 (Index No. 520676/18)

[*1]MTGLQ Investors, L.P., appellant, 
v
Kevin Lila, et al., respondents, et al., defendants.

Knuckles, Komosinski & Manfro LLP, Elmsford, NY (John E. Brigandi and Jordan J. Manfro of counsel), for appellant.
Berg & David PLLC, Inwood, NY (Abraham David and Issac Cwibeker of counsel), for respondents.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Cenceria P. Edwards, J.), dated March 31, 2022. The order, insofar as appealed from, denied the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants Kevin Lila and Pacific Enterprise, LLC, and for an order of reference, and granted those branches of those defendants' cross-motion which were for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage.
ORDERED that the order is reversed insofar as appealed from, on the law, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for further proceedings in accordance herewith.
In June 2003, the defendant Kevin Lila executed a note that was secured by a mortgage on certain real property located in Brooklyn. In August 2009, Deutsche Bank Trust Company Americas, as Trustee, for Certificateholders of Bear Stearns Asset Backed Securities, Inc., Asset Backed Certificates, 2003-QS15 4828 Loop Central Drive Houston, TX 77081 (hereinafter Deutsche Bank Bear Stearns), commenced an action against Lila, among others, to foreclose the mortgage (hereinafter the 2009 action). Thereafter, the Supreme Court directed dismissal of the complaint pursuant to CPLR 3215(c).
In June 2012, while the 2009 action was pending, Deutsche Bank Trust Company Americas, as Trustee for Residential Accredit Loans, Inc., (RALI) 2003-QS15 commenced an action against Lila, among others, to foreclose the mortgage (hereinafter the 2012 action). Thereafter, the 2012 action was voluntarily discontinued. Lila subsequently deeded the subject property to the defendant Pacific Enterprise, LLC (hereinafter Pacific).
On October 15, 2018, the plaintiff commenced the instant action against Lila and Pacific (hereinafter together the defendants), among others, to foreclose the mortgage. The defendants interposed an answer in which they asserted, inter alia, a counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. Thereafter, the plaintiff moved, [*2]among other things, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference. The defendants opposed the motion and cross-moved, inter alia, for summary judgment dismissing the complaint insofar as asserted against them as time-barred and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. By order dated March 31, 2022, the Supreme Court, among other things, denied the plaintiff's motion and granted those branches of the defendants' cross-motion. The plaintiff appeals.
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; MTGLQ Invs., L.P. v Singh, 216 AD3d 1087, 1088). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 916).
Here, in support of their cross-motion, the defendants demonstrated, prima facie, that the six-year statute of limitations began to run in August 2009, when Deutsche Bank Bear Stearns commenced the 2009 action and elected in the complaint to call due the entire amount secured by the mortgage (see U.S. Bank N.A. v Doura, 204 AD3d 721, 723; Wilmington Sav. Fund Socy., FSB v Iqbal, 195 AD3d 772, 773). The defendants further demonstrated that the instant action was commenced in October 2018, more than six years later (see U.S. Bank N.A. v Doura, 204 AD3d at 723).
On appeal, the plaintiff argues that the mortgage debt was not accelerated by the commencement of the 2009 action because Deutsche Bank Bear Stearns lacked standing to commence that action. Notably, the Foreclosure Abuse and Prevention Act (L 2022, ch 821 [eff Dec. 30, 2022]; hereinafter FAPA), amended CPLR 213(4) by adding, among other things, paragraph (a), which provides that "[i]n any action on an instrument described under this subdivision, if the statute of limitations is raised as a defense, and if that defense is based on a claim that the instrument at issue was accelerated prior to, or by way of commencement of a prior action, a plaintiff shall be estopped from asserting that the instrument was not validly accelerated, unless the prior action was dismissed based [upon] an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated." As the 2009 action was not dismissed based upon an expressed judicial determination that the instrument was not validly accelerated, pursuant to FAPA, the plaintiff is estopped from asserting that the debt was not validly accelerated by the commencement of the 2009 action based on lack of standing (see GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d at 917).
Further, contrary to the plaintiff's contention, pursuant to FAPA, the voluntary discontinuance of the 2012 action did not serve to reset the statute of limitations (see id.). FAPA amended CPLR 3217, governing the voluntary discontinuance of an action, by adding a new paragraph (e), which provides that "[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute."
Nevertheless, the plaintiff additionally challenges the constitutionality of FAPA, contending, inter alia, that FAPA violates the Due Process Clause of the United States Constitution. Since the Supreme Court did not consider the issues relating to the constitutionality of FAPA in determining the plaintiff's motion, inter alia, for summary judgment on the complaint insofar as asserted against the defendants and for an order of reference and those branches of the defendants' cross-motion which were for summary judgment dismissing the complaint insofar as asserted against them and on their counterclaim pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, we remit the matter to the Supreme Court, Kings County, for consideration thereof, after any further briefing, argument, and hearing that the court deems appropriate, and for a new [*3]determination of the motion and those branches of the cross-motion thereafter (see Deutsche Bank Natl. Trust Co. v Wong, 218 AD3d 742, 744-745; U.S. Bank N.A. v Simon, 216 AD3d 1041, 1043).
CONNOLLY, J.P., MALTESE, FORD and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court