MTGLQ Invs., LP v Foshee (2024 NY Slip Op 50463(U))

[*1]

MTGLQ Invs., LP v Foshee

2024 NY Slip Op 50463(U)

Decided on April 23, 2024

Supreme Court, Suffolk County

Modelewski, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on April 23, 2024
Supreme Court, Suffolk County

MTGLQ Investors, LP, Plaintiff,

against
Alvina Foshee A/K/A ALVINA I. FOSHEE, THE TOWN OF BABYLON, A MUNICIPAL CORPORATION, JP MORGAN CHASE BANK, and JOHN DOE, Defendants.

Index No. 622765/2018

KNUCKLES, KOMOSINSKI & MANFRO, LLP
Attorneys for Plaintiff
565 Taxter Road, Suite 590
Elmsford, New York 10523
ALFRED S. WALENDOWSKI PC
Attorney for Defendant Alvina Foshee
532 Broadhollow Road, Suite 111
Melville, New York 11747

Christopher Modelewski, J.

Upon the E-file document list numbered 53 to 76 read and considered on the motion by plaintiff for an order pursuant to CPLR 3212 granting it, inter alia, summary judgment against defendant Alvina Foshee and on the cross-motion for summary judgment of defendant Alvina [*2]Foshee seeking dismissal of the complaint as time-barred; it is
ORDERED that the cross-motion by defendant Alvina Foshee for summary judgment dismissing the complaint as time-barred is granted, for the reasons set forth herein; and it is further
ORDEREDthat the motion by plaintiff for an order pursuant to CPLR 3212 granting it summary judgment is denied, as academic.
This is the second action to foreclose the mortgage on the property located at 715 County Line Road, Amityville, New York 11701. The first action, bearing index number 15288/2012, was commenced by Bank of America, NA, plaintiff's predecessor in interest ("plaintiff's predecessor"), on May 17, 2012 by the filing of a summons and complaint with the Suffolk County Clerk ("the first action"). Pursuant to a notice of discontinuance dated February 24, 2014 and filed with the Suffolk County Clerk by plaintiff's predecessor on May 9, 2014, the first action was discontinued pursuant to CPLR 3217.[FN1]
The notice of discontinuance makes no reference to a de-acceleration or revocation of the acceleration of the debt.
Plaintiff then commenced this second action on November 13, 2018 ("this action"), more than four years after the discontinuance of the first action and more than six years after the May 17, 2012 commencement date of the first action. Defendant Alvina Foshee ("defendant") interposed an answer in this action asserting various affirmative defenses, including the statute of limitations.
Plaintiff now moves for summary judgment on its complaint, for an order of reference, dismissal of the defendant's answer, and related relief. Defendant cross-moves for summary judgment dismissing this action as time-barred or, in the alternative, for an order denying plaintiff's motion for summary judgment claiming there are questions of fact as to plaintiff's standing to commence this action and the defendant's default in payment. There is no dispute between the moving parties herein that the statute of limitations began to run on May 17, 2012 when the first action was commenced. On this basis, defendant argues in her cross-motion that this action is time-barred, as having been commenced more than six years from that date. Plaintiff opposes the cross-motion arguing that the discontinuance of the first action "acted to decelerate the debt thereby rendering this action timely." In so stating, plaintiff is arguing that while the acceleration of the debt occurred upon the commencement of the first action in 2012, which served to start the statute of limitations, the acceleration was revoked upon the filing of the discontinuance in 2014, thereby pausing the statute of limitations, and permitting plaintiff to reset the statute of limitations through the commencement of this action in 2018. In support of its argument, plaintiff relies upon the Court of Appeals decision in Freedom Mtge. Corp. v Engel,37 NY3d 1, 19, 22, 146 NYS3d 542 [2021]("Engel"), decided on February 18, 2021, almost seven years after the discontinuance of the first action [FN2]
, which held that a voluntary [*3]discontinuance of a foreclosure action de-accelerated or revoked the acceleration of the mortgage debt. Plaintiff further argues in opposition that the newly created CPLR 3217 (e), which codified a provision of the Foreclosure Abuse and Prevention Act of 2022 ("FAPA")[FN3]
, cannot be applied retroactively to this action for this would "constitute a prohibited retroactive application" and an "unconstitutional violation" of its due process and contracts clause rights under the New York State and United States Constitutions. CPLR 3217 (e) overrules the holding in Engel, which plaintiff seeks to apply to this action, and declares that a voluntary discontinuance of a foreclosure action does not waive, postpone, cancel, toll, extend, revive or reset the statute of limitations (CPLR 3217 [e]). Plaintiff argues that CPLR 3217 (e) is contrary to Engel and to apply it retroactively to this action would impair the rights it had under Engel and the controlling law in 2014 when the first action was voluntarily discontinued and in 2018 when this action was commenced. Defendant argues in reply and in further support of her cross-motion that the enactment of CPLR 3217 (e) renders this action time-barred, as it specifically overrules the holding of Engel relied upon by plaintiff.
On her cross-motion for summary judgment dismissing this action as time-barred, defendant bears the initial burden of demonstrating, prima facie, that the time within which to commence this foreclosure action has expired (U.S. Bank N.A. v Corcuera, 217 AD3d 896, 897, 191 NYS3d 717 [2d Dept 2023]; see also Sperry Assoc. Fed. Credit Union v John,218 AD3d 707, 193 NYS3d 209 [2d Dept 2023]; U.S. Bank N.A. v Kropp-Somoza,191 AD3d 918, 919, 143 NYS3d 52 [2d Dept 2021]). Once the defendant satisfies this burden, "the burden then shifts to the plaintiff to raise a question of fact as to whether the statute of limitations was tolled or otherwise inapplicable, or whether the plaintiff actually commenced the action within the applicable limitations period" (U.S. Bank N.A. v Kropp-Somoza,191 AD3d at 919-920, 143 NYS3d 52). 
An action to foreclose a mortgage may be brought to recover unpaid amounts due within the six-year period immediately preceding the action (see CPLR § 213[4]; U.S. Bank N.A. v Corcuera,217 AD3d 896, 897, 191 NYS3d 717 [2d Dept 2023]; Everhome Mtge. Co. v Aber, 195 AD3d 682, 151 NYS3d 55 [2d Dept 2021] aff'd 39 NY3d 949, 178 NYS3d 8 [2022]). With respect to a mortgage payable in installments, separate causes of action accrue for each installment that is not paid, and the statute of limitations begins to run, on the date each installment becomes due (Everhome Mtge. Co. v Aber, supra; see also Bank of NY Mellon v Craig,169AD3d 627, 93 NYS3d 425 [2d Dept 2019]). Once a mortgage debt is accelerated, however, a borrower's right and obligation to make monthly installments ceases, all future sums become immediately due and payable, and the six-year statute of limitations begins to run on the entire mortgage debt (Freedom Mtge. Corp. v Engel,37 NY3d 1, 19, 22, 146 NYS3d 542 [*4][2021]; MTGLQ Invs., L.P. v Singh,216 AD3d 1087, 190 NYS3d 415 [2d Dept 2023]; EMC Mtge. Corp. v Patella, 279 AD2d 604, 605, 720 NYS2d 161 [2d Dept 2001]). The commencement of a foreclosure action in which the lender elects to declare the entire mortgage debt due and owing, operates to accelerate the debt, and thereby triggers the running of the six-year statute of limitations (see Freedom Mtge. Corp. v Engel, 37 NY3d 1, 19, 22, 146 NYS3d 542 [2021]; MTGLQ Investors, L.P. v Lila, — AD3d &mdash, — NYS3d &mdash, 2024 NY Slip Op. 02047 [2d Dept 2024]; MTGLQ Invs., L.P. v Singh,216 AD3d 1087, 190 NYS3d 415 [2d Dept 2023]; GMAT Legal Title Trust 2014-1 v Kator,213 AD3d 915, 184 NYS3d 805 [2d Dept 2023]; Bank of New York Mellon v. Dieudonne,171 AD3d 34, 96 NYS3d 354 [2d Dept. 2019]).
Defendant has met her prima facie burden by establishing that the six-year statute of limitations began to run on May 17, 2012, when plaintiff's predecessor in interest commenced the first action and elected to accelerate the debt by declaring the entire mortgage debt due and owing, and therefore, this action, brought more than six years later, is untimely (see ARCPE 1, LLC v DeBrosse, 217 AD3d 999, 193 NYS3d 51 [2d Dept 2023]; MTGLQ Invs., L.P. v Singh,216 AD3d 1087, 1088, 190 NYS3d 415 [2d Dept 2023] citing GMAT Legal Title Trust 2014-1 v Kator,213 AD3d 915, 184 NYS3d 805 [2d Dept 2023]; see also Bank of America, N.A. v Jones,82 Misc 3d 1216 [A], 2024 NY Slip Op. 50321 [U][Sup Ct Suffolk County 2024]; Ditech Fin. LLC v Naidu,82 Misc 3d 452, — NYS3d — [Sup Ct Queens Cty 2023]). The burden now shifts to plaintiff to demonstrate that the statute of limitations was tolled or otherwise inapplicable or that plaintiff commenced this action within the foreclosure action six-year statute of limitations.
Plaintiff argues that this Court should apply Engel and find that the statute of limitations was reset upon its commencement of this action because Engel was the controlling law at the time that the voluntary discontinuance was filed in the first action in 2014 and when this action was commenced in 2018. Plaintiff argues that CPLR 3217 (e) should not be applied retroactively because this would negatively impact the rights plaintiff had in 2014 and 2018. Specifically, plaintiff claims applying FAPA retroactively violates its constitutionally protected due process and contract rights. Rather than apply FAPA retroactively, plaintiff wishes for this Court to retroactively apply the now overruled holding in Engel. Interestingly, plaintiff relies exclusively on Engel, overlooks the Second Department decision in Engel, and fails to cite one Second Department decision from 2014 or 2018 in support of this argument.
To reach a determination, we must begin with a discussion of the Second Department law at the time that the first action was unilaterally discontinued by plaintiff in 2014 and when this action was commenced in 2018. The Appellate Division decision in Engel, which was the law in the Second Department at the time of the commencement of this action, held that a lender could de-accelerate or revoke the acceleration of the debt "by an affirmative act of revocation occurring during the six-year statute of limitations period subsequent to the initiation of the prior foreclosure action" (Freedom Mtge. Corp. v Engel,163 AD3d 631, 81 NYS3d 156 [2d Dept 2018]; Deutsche Bank Natl. Trust Co. v Adrian, 157 AD3d 934, 935, 69 NYS3d 706 [2d Dept 2018]; MSMJ Realty, LLC v. DLJ Mortgage Capital, Inc.,157 AD3d 885, 69 NYS3d 870 [2d Dept. 2018]; Clayton Natl. v Guldi,307 AD2d 982, 763 NYS2d 493 [2d Dept 2003]; EMC Mtge. Corp. v Patella, 279 AD2d 604, 720 NYS2d 161 [2d Dept 2001] ; Federal Natl. Mtge. [*5]Assn. v Mebane, 208 AD2d 892, 618 NYS2d 88 [2d Dept 1994]). The "affirmative act" of revocation of the acceleration or the de-acceleration of the debt, must "be clear and unambiguous to convey the fact that the previous demand for full payment on the note has been affirmatively revoked" (Christiana Trust v Barua,184 AD3d 140, 146, 125 NYS3d 420 [2d Dept 2020] citing Milone v US Bank N.A.,164 AD3d 145, 83 NYS3d 524 [2d Dept 2018]). As to the method of revocation of the acceleration or de-acceleration of the debt, the Second Department "repeatedly held that a lender's mere act of discontinuing an action, without more, does not constitute, in and of itself, an affirmative act of revoking an earlier acceleration of the debt" (Christiana Trust v Barua,184 AD3d at 147, 125 NYS3d at 424). "A bare discontinuance does not disclose its underlying reasons nor say anything about the discontinuing party's intent to de-accelerate the full debt" (id.). Even where the lender and borrower execute a stipulation of discontinuance, such was not found by the Second Department to operate as an affirmative act to revoke the acceleration, where the stipulation was silent on the issue of the revocation of the election to accelerate, and did not otherwise indicate that the plaintiff would accept future installment payments from the defendant (see Freedom Mtge. Corp. v Engel,163 AD3d 631, 81 NYS3d 156 [2d Dept 2018]; see also Christiana Trust v Barua,184 AD3d 140, 125 NYS3d 420 [2d Dept 2020]; Bank of NY Mellon v Yacoob,182 AD3d 566, 123 NYS3d 145 [2d Dept 2020]; Deutsche Bank Natl. Trust Co. v Blank, 189 AD3d 1678, 140 NYS3d 52 [2d Dept 2020]; U.S. Bank Trust, N.A. v Miele, 186 AD3d 526, 527, [2d Dept 2020]; Wilmington Trust v. Dawson, 174 AD3d 673, 104 NYS3d 174 [2d Dept. 2019]; Bank of NY Mellon v. Dieudonne, 171 AD3d 34, 96 NYS3d 354 [2d Dept. 2019]; Ditech Fin. LLC v Naidu, 175 AD3d 1387, 109 NYS3d 196 [2d Dept 2019]). 
Here, there is nothing in the notice of discontinuance filed in the first action indicating that the acceleration of the debt was revoked or that plaintiff's predecessor would begin accepting installment payments from the defendant. As such, there being no "affirmative act of revocation" by plaintiff's predecessor, the voluntary discontinuance did not serve to revoke the acceleration and reset the statute of limitations under then existing Second Department law (EMC Mtge. Corp. v Patella, 279 AD2d 604, 720 NYS2d 161 [2d Dept 2001]); Federal Natl. Mtge. Assn. v Mebane, 208 AD2d 892, 618 NYS2d 88 [2d Dept 1994]). Most certainly, on the day plaintiff's predecessor filed this action, it was time-barred, and had defendant moved to dismiss this action on that ground, that motion would have been granted based upon the Second Department's Engel holding (163 AD3d 631, 81 NYS3d 156 [2d Dept 2018]; see also Christiana Trust v Barua,184 AD3d 140, 146-147, 125 NYS3d 420 [2d Dept 2020][and cases cited therein]; Deutsche Bank Natl. Trust Co. v Adrian,157 AD3d 934, 69 NYS3d 706 [2d Dept 2018]; EMC Mtge. Corp. v Patella, 279 AD2d 604, 720 NYS2d 161 [2d Dept 2001]; Federal Natl. Mtge. Assn. v Mebane,208 AD2d 892, 618 NYS2d 88 [2d Dept 1994]). Thus, CPLR 3217 (e) "has restored, rather than altered, the law as it existed at the time plaintiff voluntarily discontinued" the first action (US Bank N.A. v Williams, 80 Misc 3d 258, 265-266, 195 NYS3d 392 [Sup Ct Putnam County 2023]; see also Ditech Fin. LLC v Naidu, 82 Misc 3d 452, 456, — NYS3d — [Sup Ct Queens County 2023]). Accordingly, plaintiff's predecessor could not have had any reasonable expectation that the voluntary discontinuance filed in 2014 operated to reset the statute of limitations for the filing of this action in 2018. As such, plaintiff's predecessor had no vested or protected property interest either when the first action was discontinued or when this action was [*6]filed (Ditech Fin. LLC v Naidu,82 Misc 3d 452, ___NYS3d ___ [Sup Ct Queens County 2023]; US Bank N.A. v Williams, supra). Certainly, plaintiff cannot claim a vested or protected property right in a time-barred foreclosure action based upon Engel, which came into existence almost seven years after the filing of the notice of discontinuance (see US Bank N.A. v Williams, supra). Applying 3217 (e) to this action, therefore, would not violate any alleged constitutionally protected due process rights of plaintiff. This Court agrees with other state trial courts that similarly have found no violation of a lender's alleged due process rights in applying CPLR 3217 (e) retroactively (see Bank of America, N.A. v Jones,82 Misc 3d 1216 [A], 2024 NY Slip Op. 50321 [U][Sup Ct Suffolk County 2024]; Ditech Fin. LLC v Naidu,82 Misc 3d 452, 464-466, — NYS3d — [Sup Ct Queens County 2023](a person has no vested property interest in any rule of the common law citing Duke Power Co. v Carolina Environmental Study Group, Inc.,438 US 59, 88, n. 32 [1978]); Bayview Loan Servicing, LLC v Dalal,80 Misc 3d 1100, 196 NYS3d 640 [Sup Ct Bronx County 2023]; U.S. Bank N.A. v Williams,80 Misc 3d 258, 195 NYS3d 392 [Sup Ct Putnam County 2023]; HSBC Bank USA, N.A. v IPA Asset Mgt., LLC, 79 Misc 3d 821, 190 NYS3d 622 [Sup Ct Suffolk County 2023]). 
Further, applying 3217 (e) retroactively does not violate any alleged constitutionally protected contractual rights of plaintiff, as there is no right to de-accelerate or revoke the acceleration of the debt contained within the subject mortgage (see East Fork Funding, LLC v US Bank N.A., 2023 WL 2660645, US Dist Lexis 56719 [EDNY March 23, 2023, 20-CV-3404 (AMD)(RML)]; Ditech Fin. LLC v Naidu,82 Misc 3d at 458; US Bank N.A. v Williams, 80 Misc 3d at 265-266; HSBC Bank USA, N.A. v IPA Asset Mgt., LLC, 79 Misc 3d at 825-826). Indeed, plaintiff fails to refer to any provisions in the mortgage that refer to de-acceleration, revoking its acceleration, or the statute of limitations. Having no such contractual rights, plaintiff cannot be heard to complain about the retroactive application of CPLR 3217 (e). Based upon the foregoing, plaintiff has not sustained its burden on defendant's cross-motion to dismiss this action as untimely.
Accordingly, the motion by defendant Alvina Foshee to dismiss the complaint as time-barred is granted and plaintiff's motion for summary judgment is denied as academic. The parties' remaining contentions either are without merit or need not be determined in light of this Court's finding that this foreclosure action is time-barred and the complaint dismissed.
The foregoing constitutes the decision and Order of the Court.
Dated: April 23, 2024
HON. CHRISTOPHER MODELEWSKI, J.S.C.

Footnotes

Footnote 1:Plaintiff incorrectly asserts that the first action was discontinued by "executed stipulation." The discontinuance was unilateral and effectuated by the filing on May 9, 2014 of a "discontinuance of action" and attorney affirmation on behalf of plaintiff's predecessor. 

Footnote 2:Engel reversed the Second Department's 2018 ruling, which held that a 2009 stipulation of discontinuance did not cause a de-acceleration or revocation of the acceleration of the debt (163 AD3d 631, 81 NYS3d 156 [2d Dept 2018]). For a thorough analysis and discussion of Engel and FAPA, as well as the legislative history of FAPA, see U.S. Bank Trust N.A. v Joerger, ___NYS3d ___, 2024 NY Slip Op. 24075, 2024 WL 1061542 [Sup Ct Suffolk County 2024]; U.S. Bank N.A. v Imtiaz, 2024 NY Slip Op. 30798, 2024 WL 1161747 [Sup Ct Suffolk County 2024]; and U.S. Bank N.A. v Speller, 80 Misc 3d 1233 (A), 197 NYS3d 925 [Sup Ct Putnam County 2023]). 

Footnote 3:FAPA amended and codified various statutes including section 1301 (4) of the Real Property Actions and Proceedings Law, section 17-105 (4) of the General Obligations Law, and CPLR sections 203 (h), 205-a, 213 (4), and 3217 (e). FAPA section 10 provides that it "shall take effect immediately and shall apply to all actions...in which a final judgment of foreclosure and sale has not been enforced" (FAPA §10).