Aspen Props. Group, LLC v Santoro (2025 NY Slip Op 04451)

Aspen Props. Group, LLC v Santoro

2025 NY Slip Op 04451

Decided on July 30, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 30, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-01663
 (Index No. 613827/20)

[*1]Aspen Properties Group, LLC, etc., appellant,
v
Daniel F. Santoro, et al., respondents, et al., defendants.

Margolin, Weinreb & Nierer, LLP, Syosset, NY (Seth D. Weinberg and Owen M. Robinson of counsel), for appellant.
Daniel F. Santoro and Denise Jackson, Manorville, NY, respondents pro se.

DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated January 19, 2023. The order denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants Daniel F. Santoro and Denise Jackson, to strike their answer and affirmative defenses, and for an order of reference, and granted those defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
ORDERED that the order is affirmed, with costs.
In January 2006, the defendant Daniel F. Santoro executed a note in the sum of $68,250 in favor of NetBank. The note was secured by a mortgage on certain real property located in Manorville, which was executed by Santoro and the defendant Denise Jackson (hereinafter together the defendants).
In September 2010, Citibank, N.A. (hereinafter Citibank), the plaintiff's predecessor in interest, commenced an action against Santoro based upon his alleged default on a note, which identified a balance due in the sum of $63,998.54 (hereinafter the 2010 action).
In September 2020, the plaintiff commenced this action against, among others, the defendants, to foreclose the mortgage. The defendants interposed an answer, asserting affirmative defenses, including that the action was time-barred. Thereafter, the plaintiff moved, inter alia, for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, and for an order of reference. The defendants cross-moved for summary judgment dismissing the complaint insofar as asserted against them as time-barred, arguing, among other things, that the plaintiff's predecessor in interest accelerated the debt by commencing the 2010 action and electing to call due the entire amount secured by the mortgage and that the statute of limitations expired six years later, prior to the commencement of the instant action. In opposition to the defendants' cross-motion, the plaintiff argued, inter alia, that the defendants failed to demonstrate that the 2010 action concerned the same debt that is at issue in the instant action.
In an order dated January 19, 2023, the Supreme Court denied those branches of the plaintiff's motion and granted the defendants' cross-motion. The court determined, among other things, that pursuant to CPLR 213(4), as amended by the Foreclosure Abuse Prevention Act, which was enacted shortly before the issuance of the January 19, 2023 order (L 2022, ch 821 [eff Dec. 30, 2022]), the plaintiff was estopped from asserting that the debt was not validly accelerated by the commencement of the 2010 action, as that action was not dismissed "on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (CPLR 213[4]). The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see id.; Reverse Mtge. Solutions, Inc. v Gipson, 230 AD3d 813, 814). "Even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and payable, and the statute of limitations begins to run on the entire debt" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916). "The entire mortgage debt will be deemed to have been accelerated by . . . the commencement of a foreclosure action, in which the complaint seeks payment of the full outstanding loan balance" (Deutsche Bank Natl. Trust Co. v Nissan, 230 AD3d 1105, 1108; see U.S. Bank N.A. v Connor, 204 AD3d 861, 863).
Here, the defendants established, prima facie, that the instant action was time-barred by demonstrating that the debt was accelerated in September 2010 upon the commencement of the 2010 action and that six years had elapsed prior to the commencement of the instant action (see U.S. Bank N.A. v Corcuera, 217 AD3d 896, 898). Contrary to the plaintiff's contention, the defendants established, prima facie, that the 2010 action concerned the same debt as that in the instant action by submitting, inter alia, the summons and complaint in the 2010 action, which listed an account number ending in "6980," and an allonge to the note at issue in the instant action, which listed a "loan number" ending in the same digits. Moreover, the defendants submitted an affidavit from Santoro, who averred that the note at issue in the instant action, which he executed on January 17, 2006, was the same note at issue in the 2010 action. In opposition to the defendants' prima facie showing, the plaintiff's mere speculation that the 2010 action involved a different unidentified note than the note involved in the instant action failed to raise a triable issue of fact (see Wells Fargo Bank, N.A. v Ballard, 172 AD3d 1440, 1442).
Moreover, as the Supreme Court properly determined, the plaintiff was estopped from asserting that the debt in the instant action was not validly accelerated by the commencement of the 2010 action, since the 2010 action was not dismissed "on an expressed judicial determination, made upon a timely interposed defense, that the instrument was not validly accelerated" (CPLR 213[4]; see Reverse Mtge. Solutions, Inc. v Gipson, 230 AD3d at 815-816).
The plaintiff's remaining contentions either are without merit or need not be reached in light of our determination.
Accordingly, the Supreme Court properly denied those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendants, to strike their answer and affirmative defenses, and for an order of reference, and granted the defendants' cross-motion for summary judgment dismissing the complaint insofar as asserted against them as time-barred.
DUFFY, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court