Wells Fargo Bank, N.A. v La Franca (2025 NY Slip Op 05274)

Wells Fargo Bank, N.A. v La Franca

2025 NY Slip Op 05274

Decided on October 1, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 1, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
HELEN VOUTSINAS
JANICE A. TAYLOR
LAURENCE L. LOVE, JJ.

2023-08982
2025-03699
 (Index No. 608427/19)

[*1]Wells Fargo Bank, N.A., etc., respondent,
v
Salvatore La Franca, etc., appellant, et al., defendants.

Grausso & Foy, LLP, Bohemia, NY (Edmond R. Foy of counsel), for appellant.
LOGS Legal Group LLP, Rochester, NY (Ellis M. Oster of counsel), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Salvatore La Franca appeals from two orders of the Supreme Court, Suffolk County (Susan B. Heckman Torres, J.), both dated June 6, 2023. The first order, insofar as appealed from, denied that defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred and granted those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against that defendant and for an order of reference. The second order, insofar as appealed from, granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff.
ORDERED that the orders are reversed insofar as appealed from, on the law, with one bill of costs, the cross-motion of defendant Salvatore La Franca for summary judgment dismissing the complaint insofar as asserted against him as time-barred is granted and those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant Salvatore La Franca and for an order of reference are denied as academic.
On July 26, 2006, Salvatore La Franca (hereinafter the defendant) executed a note in the sum of $620,000 in favor of Decision One Mortgage Company, LLC (hereinafter Decision One). The note was secured by a mortgage on certain residential property located in Suffolk County. Thereafter, the defendant purportedly entered into a loan modification agreement dated February 12, 2009. By assignment of mortgage dated November 24, 2010, Mortgage Electronic Registration Systems, Inc., as nominee for Decision One, assigned the mortgage to the plaintiff.
In 2011, the plaintiff commenced an action (hereinafter the 2011 action) against, among others, the defendant to foreclose the mortgage. The plaintiff elected in the complaint in the 2011 action "to declare immediately due and payable the entire unpaid balance of principal."
Thereafter, in a letter to the Supreme Court dated October 2, 2018, the plaintiff requested that the court cancel a trial scheduled for October 3, 2018, and dismiss the action without prejudice, explaining that the plaintiff could not produce the business records required to establish [*2]its case at trial and that the defendant had consented to dismissing the case without prejudice to the plaintiff's rights, inter alia, pursuant to CPLR 205.
On April 30, 2019, the plaintiff commenced this action against, among others, the defendant to foreclose the mortgage. According to an affidavit of service, the defendant was personally served with process on May 2, 2019. The defendant interposed an answer in which he asserted various affirmative defenses, including that the action was barred by the statute of limitations.
In March 2023, the plaintiff moved, among other things, for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference. The defendant opposed the motion and cross-moved for summary judgment dismissing the complaint insofar as asserted against him as time-barred. In opposition to the cross-motion, the plaintiff submitted a printout of what it characterized as an "e-Law Alert," which the plaintiff argued demonstrated that the 2011 action was not dismissed until December 6, 2018, and therefore, this action was timely pursuant to the savings clause of either CPLR 205(a) or 205-a. In an order dated June 6, 2023, the Supreme Court denied the defendant's cross-motion and granted those branches of the plaintiff's motion. In a second order also dated June 6, 2023, the court granted the same relief to the plaintiff and appointed a referee to compute the amount due to the plaintiff. The defendant appeals.
"Pursuant to CPLR 213(4), an action to foreclose a mortgage is subject to a six-year statute of limitations" (Citimortgage, Inc. v Goldstein, 230 AD3d 1219, 1223 [internal quotation marks omitted]). "Even if the mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and payable, and the statute of limitations begins to run on the entire debt" (id. [internal quotation marks omitted]). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the plaintiff elects to call due the entire amount secured by the mortgage" (id.).
Here, in support of his cross-motion, the defendant established, prima facie, that the mortgage debt was accelerated on September 15, 2011, when the plaintiff commenced the 2011 action and elected in the complaint to call due the entire amount secured by the mortgage (see CV XXVIII, LLC v Williams, 236 AD3d 753). Since the instant action was commenced on April 30, 2019, more than six years later, the defendant demonstrated, prima facie, that this action was time-barred (see U.S. Bank N.A. v Armand, 220 AD3d 963, 966).
In opposition to the defendant's prima facie showing, the plaintiff failed to raise triable issue of fact as to whether this action was timely commenced pursuant to CPLR 205(a) or 205-a. To the contrary, the record demonstrated that the parties charted their own procedural course in agreeing to dismiss the 2011 action on October 3, 2018 (see Mitchell v New York Hosp., 61 NY2d 208, 214). Thus, under the circumstances, the plaintiff's contentions that the savings provision of CPLR 205(a) or 205-a renders this action timely commenced are without merit, as the plaintiff failed to serve process on the defendant within six months of the termination of the 2011 action (see HSBC Bank USA v Lem, 236 AD3d 762; U.S. Bank N.A. v Corcuera, 217 AD3d 896, 898).
Accordingly, the Supreme Court should have granted the defendant's cross-motion for summary judgment dismissing the complaint insofar as asserted against him as time-barred and denied, as academic, those branches of the plaintiff's motion which were for summary judgment on the complaint insofar as asserted against the defendant and for an order of reference.
The parties' remaining contentions either are without merit or have been rendered academic in light of our determination.
IANNACCI, J.P., VOUTSINAS, TAYLOR and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court