U.S. Bank N.A. v Mongru (2020 NY Slip Op 03137)





U.S. Bank N.A. v Mongru


2020 NY Slip Op 03137


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SHERI S. ROMAN
JEFFREY A. COHEN
LINDA CHRISTOPHER, JJ.


2017-08940
 (Index No. 507014/14)

[*1]U.S. Bank National Association, etc., appellant,
v
Carl Mongru, et al., defendants, G & Q Estates Corp., respondent.


Knuckles, Komosinski & Manfro, LLP, Elmsford, NY (Louis Levithan and John Brigandi of counsel), for appellant.
Petroff Amshen, LLP, Brooklyn, NY (Serge F. Petroff, James Tierney, and Christopher Villanti of counsel), for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated July 12, 2017. The order, insofar as appealed from, upon reargument, in effect, vacated a prior determination in an order of the same court dated January 3, 2017, denying those branches of the cross motion of the defendant G & Q Estates Corp. which were pursuant to CPLR 317 to vacate its default in appearing or answering the complaint, and pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred, and thereupon granted those branches of that defendant's cross motion, and directed dismissal of the complaint.
ORDERED that the order dated July 12, 2017, is reversed insofar as appealed from, on the law, with costs, and the determination in the order dated January 3, 2017, denying those branches of the cross motion of the defendant G & Q Estates Corp. which were pursuant to CPLR 317 to vacate its default in appearing or answering the complaint, and pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred is adhered to.
In 2007, the defendant Carl Mongru executed a note in the sum of $472,000 in favor of New Century Mortgage Corporation (hereinafter New Century), which was secured by a mortgage on residential property located in Brooklyn (hereinafter the premises). By assignment of mortgage dated January 25, 2008, Mortgage Electronic Registration Systems, Inc., as nominee for New Century, assigned the mortgage to ACT Properties, LLC (hereinafter ACT). Mongru defaulted on his mortgage payments, and on August 7, 2008, ACT commenced an action to foreclose the mortgage (hereinafter the 2008 action). On September 24, 2008, the defendant G & Q Estates Corp. (hereinafter G & Q Estates) acquired the premises from Mongru. On December 10, 2013, the complaint in the 2008 action was dismissed as abandoned pursuant to CPLR 3215(c). Thereafter, the mortgage eventually was assigned to the plaintiff.
On July 30, 2014, the plaintiff commenced this action against Mongru and G & Q Estates, among others, to foreclose the mortgage. G & Q Estates failed to timely appear in the action, and the plaintiff moved, among other things, for leave to enter a default judgment and for an order of reference. G & Q Estates cross-moved, inter alia, pursuant to CPLR 317 to vacate its default in appearing or answering the complaint, and pursuant to CPLR 3211(a)(5) to dismiss the complaint as time-barred. G & Q Estates argued, among other things, that the loan was accelerated on June 7, 2007, as set forth in a notice of default dated May 3, 2007, and that, therefore, the statute [*2]of limitations expired on June 7, 2013, prior to the commencement of the instant action on July 30, 2014. In an order dated January 3, 2017, the Supreme Court denied both the plaintiff's motion and G & Q Estates' cross motion.
G & Q Estates thereafter moved for leave to reargue those branches of its cross motion which were to vacate its default and to dismiss the action as barred by the statute of limitations. In an order dated July 12, 2017, the Supreme Court, upon reargument, in effect, vacated the prior determination in the order dated January 3, 2017, denying those branches of G & Q Estates' cross motion which were to vacate its default, and to dismiss the action as barred by the statute of limitations, and thereupon granted those branches of the cross motion, and directed dismissal of the complaint. The plaintiff appeals.
An action to foreclose a mortgage is subject to a six-year statute of limitations (see CPLR 213[4]; see generally Milone v US Bank N.A., 164 AD3d 145, 151). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (EMC Mtge. Corp. v Patella, 279 AD2d 604, 605).
Contrary to G & Q Estates' contention, the May 3, 2007, notice of default, which advised that the loan would be accelerated if the default was not cured by June 7, 2007, was "nothing more than a letter discussing acceleration as a possible future event, which [did] not constitute an exercise of the mortgage's optional acceleration clause" (21st Mtge. Corp. v Adames, 153 AD3d 474, 475). Accordingly, upon reargument, the Supreme Court should have adhered to its original determination in the order dated January 3, 2017, denying those branches of G & Q Estates' cross motion which were pursuant to CPLR 317 to vacate its default, and pursuant to CPLR 3211(a)(5) to dismiss the action as barred by the statute of limitations.
In view of the foregoing, we do not reach the plaintiff's remaining contention.
CHAMBERS, J.P., ROMAN, COHEN and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court