U.S. Bank N.A. v Mongru (2025 NY Slip Op 04807)

U.S. Bank N.A. v Mongru

2025 NY Slip Op 04807

Decided on August 27, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 27, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
PAUL WOOTEN
HELEN VOUTSINAS
LOURDES M. VENTURA, JJ.

2023-09953
 (Index No. 507014/14)

[*1]U.S. Bank National Association, plaintiff,
v
Carl Mongru, et al., defendants, G & Q Estates Corp., appellant; Millennium Trust Company, LLC, nonparty-respondent.

Petroff Amshen LLP, Brooklyn, NY (James Tierney and Steven Amshen of counsel), for appellant.
Hasbani & Light, P.C., New York, NY (Danielle P. Light and Shachar Hadar of counsel), for nonparty-respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant G & Q Estates Corp. appeals from an order of the Supreme Court, Kings County (Larry D. Martin, J.), dated June 13, 2023. The order denied that defendant's motion for leave to renew, in effect, those branches of its prior cross-motion which were pursuant to CPLR 317 to vacate its default in appearing or answering the amended complaint and pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred, which had been denied in an order of the same court (Noach Dear, J.) dated January 3, 2017.
ORDERED that the order dated June 13, 2023, is reversed, on the law, with costs, the motion of the defendant G & Q Estates Corp. for leave to renew, in effect, those branches of its prior cross-motion which were pursuant to CPLR 317 to vacate its default in appearing or answering the amended complaint and pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred is granted and, upon renewal, so much of the order dated January 3, 2017, as denied those branches of the prior cross-motion is vacated, and thereupon, those branches of the prior cross-motion are granted.
In February 2007, the defendant Carl Mongru executed a note in the sum of $472,000 in favor of New Century Mortgage Corporation (hereinafter New Century), which was secured by a mortgage on certain residential property located in Brooklyn (hereinafter the property). Mongru allegedly defaulted on his obligations under the note and mortgage by failing to make the monthly payments due on April 1, 2007, and thereafter. In September 2007, Countrywide Home Loans, Inc. (hereinafter Countrywide), a successor in interest to New Century, commenced an action against Mongru, among others, to foreclose the mortgage (hereinafter the 2007 action). In the complaint of the 2007 action, Countrywide elected to call the entire amount due secured by the mortgage. However, in July 2008, Countrywide filed a notice voluntarily discontinuing that action. Shortly thereafter, the defendant G & Q Estates Corp. (hereinafter G & Q Estates) acquired the property from Mongru.
The mortgage was subsequently assigned to the plaintiff in April 2014. In July 2014, the plaintiff commenced this action against Mongru and G & Q Estates, among others, to foreclose the mortgage. The plaintiff subsequently filed an amended complaint. In November 2015, the plaintiff moved, among other things, for leave to enter a default judgment against G & Q Estates and for an order of reference. In March 2016, G & Q Estates cross-moved, inter alia, pursuant to CPLR 317 to vacate its default in appearing or answering the amended complaint and pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred. By order dated January 3, 2017, the Supreme Court denied the plaintiff's motion and G & Q Estates's cross-motion. In denying the cross-motion, the court determined, among other things, that G & Q Estates satisfied its burden pursuant to CPLR 317 to demonstrate that it did not receive actual notice of the action in time to defend itself but failed to establish a meritorious statute of limitations defense.
G & Q Estates then moved for leave to reargue those branches of its prior cross-motion which were to pursuant to CPLR 317 to vacate its default in appearing or answering the amended complaint and pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred. In an order dated July 12, 2017, the Supreme Court granted the motion and, upon reargument, in effect, vacated the determination in the order dated January 3, 2017, denying those branches of G & Q Estates's prior cross-motion which were to vacate its default in appearing or answering the amended complaint and to dismiss the amended complaint insofar as asserted against it as time-barred, and thereupon, granted those branches of the cross-motion. On appeal, this Court reversed the order dated July 12, 2017, insofar as appealed from, concluding that, upon reargument, the court should have adhered to the determination in the order dated January 3, 2017, denying those branches of G & Q Estates's prior cross-motion which were to vacate its default in appearing or answering the amended complaint and to dismiss the amended complaint insofar as asserted against it as time-barred because G & Q Estates failed to demonstrate that this action was time-barred (see U.S. Bank N.A. v Mongru, 184 AD3d 595, 596).
The Legislature subsequently passed the Foreclosure Abuse Prevention Act (FAPA), and on December 30, 2022, Governor Kathy Hochul signed it into law (see Vote Tally & Assembly Bill Cover Page, Bill Jacket, L 2022, ch 821 at 1, 3-4; Bayview Loan Servicing, LLC v Dalal, 232 AD3d 487, 488). Thereafter, in February 2023, G & Q Estates moved for leave to renew, in effect, those branches of its prior cross-motion which were pursuant to CPLR 317 to vacate its default in appearing or answering the amended complaint and pursuant to CPLR 3211(a)(5) to dismiss the amended complaint insofar as asserted against it as time-barred. G & Q Estates contended, inter alia, that the commencement and voluntary discontinuance of the 2007 action rendered this action untimely pursuant to FAPA, which constituted a change in the law. By order dated June 13, 2023, the Supreme Court denied the motion. G & Q Estates appeals.
A motion for leave to renew "shall be based upon new facts not offered on the prior motion that would change the prior determination or shall demonstrate that there has been a change in the law that would change the prior determination" (CPLR 2221[e][2]). "Therefore, a motion for leave to renew is the appropriate vehicle for seeking relief from a prior order based on a change in the law" (JPMorgan Chase Bank, N.A. v Eze, 232 AD3d 865, 866 [alteration and internal quotation marks omitted]).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "When a mortgage is payable in installments, separate causes of action accrue for each installment that is not paid and the statute of limitations begins to run on the date each installment becomes due" (FV-1, Inc. v Palaguachi, 234 AD3d 818, 820-821). However, "[e]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Sarkar v Deutsche Bank Trust Co. Ams., 225 AD3d 641, 643 [internal quotation marks omitted]). "An acceleration of a mortgage debt can occur when a creditor commences an action to foreclose upon a note and mortgage and seeks, in the complaint, payment of the full balance due" (Collins v Bank of N.Y. Mellon, 227 AD3d 948, 950 [internal quotation marks omitted]). "Prior to FAPA, the Court of Appeals held that a noteholder that had caused the six-year limitations period to foreclose a mortgage secured by real property to accrue by electing to accelerate the debt could revoke the acceleration through a [*2]unilateral affirmative act of revocation occurring during the limitations period, such as by issuing a clear and unambiguous de-acceleration letter, or by voluntarily discontinuing a foreclosure action" (FV-1 Inc. v Samuels, _____ AD3d _____, _____, 2025 Slip Op 04235, *2, citing Freedom Mtge. Corp. v. Engel, 37 NY3d 1, 32). Among other things, "FAPA amended CPLR 3217(e) to provide that, '[i]n any action on an instrument described under [CPLR 213(4)], the voluntary discontinuance of such action, whether on motion, order, stipulation or by notice, shall not, in form or effect, waive, postpone, cancel, toll, extend, revive or reset the limitations period to commence an action and to interpose a claim, unless expressly prescribed by statute'" (97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038, 1041, citing L 2022, ch 821, § 8). In addition, "CPLR 203(h) [now] provides that once a cause of action to foreclose a mortgage has accrued, no party may, in form or effect, unilaterally revive or reset the accrual thereof, or otherwise purport to effect a unilateral extension of the statute of limitations" (FV-1, Inc. v Palaguachi, 234 AD3d at 821). In other words, pursuant to FAPA, "the voluntary discontinuance of [a] foreclosure action [may] not serve to de-accelerate the mortgage debt or revive or reset the statute of limitations" (IPA Asset Mgt., LLC v HSBC Bank USA, N.A., 234 AD3d 948, 950).
Here, G & Q Estates correctly contends that FAPA constituted a change in the law that would alter the Supreme Court's prior determination of those branches of its prior cross-motion which were to vacate its default in appearing or answering the amended complaint and to dismiss the amended complaint insofar as asserted against it as time-barred (see FV-1, Inc. v Palaguachi, 234 AD3d at 819-820). The commencement of the 2007 action accelerated the mortgage debt and caused the six-year statute of limitations period to accrue, the voluntary discontinuance of that action did not de-accelerate the debt in light of the statutory amendments enacted by FAPA, and the limitations period thus expired in September 2013 (see Bank of N.Y. Mellon v Stewart, 216 AD3d 720, 723). Although one of the plaintiff's predecessors in interest commenced a second action in 2008 to foreclose the mortgage before the expiration of the limitations period (hereinafter the 2008 action), the court eventually dismissed the 2008 action as abandoned. Therefore, even assuming that this action was commenced within six months of the termination of the 2008 action (see generally U.S. Bank N.A. v Corcuera, 217 AD3d 896, 898), "the plaintiff is not entitled to the benefit of the savings provision of CPLR 205(a) or 205-a" (Wells Fargo Bank, N.A. v Cafasso, 223 AD3d 695, 697; see U.S. Bank Trust, N.A. v Giangrande, 229 AD3d 834, 836).
Accordingly, the Supreme Court should have granted G & Q Estates's motion for leave to renew, in effect, those branches of its prior cross-motion which were pursuant to CPLR 317 to vacate its default in appearing or answering the amended complaint and pursuant to CPLR 3211(a)(5) to dismiss the amended complaint as time-barred and, upon renewal, vacated so much of the order dated January 3, 2017, as denied those branches of the prior cross-motion, and thereupon, granted those branches of the prior cross-motion.
The parties' remaining contentions either are without merit or need not be reached in light of our determination.
DILLON, J.P., WOOTEN, VOUTSINAS and VENTURA, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court