| Carrano v U.S. Bank |
|---|
| 2025 NY Slip Op 34052(U) |
| October 31, 2025 |
| Supreme Court, Kings County |
| Docket Number: Index No. 518566/2020 |
| Judge: Carolyn Walker-Diallo |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

At an IAS Term, Part FRP4, of the Supreme Court of the State of New York, held in and for the County of Kings, at the Courthouse at 320 Jay Street, Brooklyn, New York on the 31st day of October 2025.

PRESENT:

HON. CAROLYN WALKER-DIALLO, J.S.C.

------------------------------------------------------------------- X

PATRICK L. CARRANO,

                Plaintiff,

      - against -

U.S. BANK,

                Defendant.

------------------------------------------------------------------- X

Index No.: 518566/2020

**DECISION/ORDER**

Recitation, as required by CPLR 2219 (a), of the papers considered in the review of this motion:

| **Papers** | **Numbered** |
|---|---|
| Notice of Motion | NYSCEF Doc. Nos. 46-58 |
| Affirmation in Opposition | NYSCEF Doc. Nos. 60-62 |
| Affirmation in Reply | NYSCEF Doc. Nos. 63-64 |

Motion Sequence #4

Upon the foregoing cited papers, the Decision/Order on this Motion is as follows:

**INTRODUCTION**

Patrick L. Carrano ("Plaintiff") moves for an Order: (i) granting summary judgment and ancillary relief pursuant to CPLR 3212; (ii) barring Defendant from all claims to an estate, interest, lien, or encumbrance of any sort in the subject premises at 110 East 3rd Street, Brooklyn, NY

1

[* 1]

11218 ("the premises") in accordance with RPAPL Article 15; (iii) discharging the mortgage purportedly held by Defendant and recorded against the premises, and ordering Defendant to record a Satisfaction of Mortgage in the Kings County Clerk's Office pursuant to RPAPL 15; and (iv) awarding Plaintiff reasonable attorneys fees, costs, and disbursements in this action. U.S. Bank ("Defendant") opposes, and Plaintiff submits reply papers. For the reason set forth below, Plaintiff's motion for summary judgment is GRANTED in its entirety.

### FACTUAL AND PROCEDURAL HISTORY

This action was commenced on October 1, 2020, seeking to discharge a time-barred mortgage encumbering the premises pursuant to RPAPL 1501(4) to quiet title to the premises. Prior to commencement of the instant action, Defendant's predecessor-in-interest commenced an action on November 9, 2006, under Index Number 34146/2006, entitled *New Century Mtge. Corp. v. Carrano* ("first action"). The complaint in the first action expressly accelerated the loan, demanding from Plaintiff the entirety of the sum secured by the mortgage.

The first action was discontinued by Order of the Honorable Martin M. Solomon dated March 16, 2012, upon Defendant's predecessor-in-interest's application ("2012 Order"). *See* Order of the Hon. Martin M. Solomon dated March 16, 2012, NYSCEF Doc. No. 54. Thereafter, Defendant commenced a second action on July 21, 2017, under Index Number 514085/2017, entitled *U.S. Bank v. Carrano*, seeking to foreclose on the same mortgage ("second action"). By Order of the Honorable Noach Dear on October 22, 2018, the second action was dismissed as barred by the statute of limitations. *See* Order of the Hon. Noach Dear dated October 22, 2018, NYSCEF Doc. No. 76, at 2. Defendant then appealed the order to the Appellate Division, Second Department. Subsequently, on September 16, 2020, the Appellate Division, Second Department, affirmed the dismissal. *See U.S. Bank v. Carrano*, 186 A.D.3d 1449 (2d Dep't 2020).

Plaintiff now moves for summary judgment in this action. Plaintiff argues that the mortgage is unenforceable under the statute of limitations because the first action accelerated the mortgage loan and the second action was dismissed as barred by the statute of limitations. Plaintiff also argues that the Foreclosure Abuse Prevention Act ("FAPA") precludes any argument that the 2006 acceleration of the mortgage loan was invalid or that the 2012 discontinuance tolled or reset the statute of limitations. More specifically, Plaintiff contends that: (1) the amendments to CPLR 213(4) and 203(h) due to FAPA's enactment preclude unilateral revival or deacceleration of the mortgage loan by Defendant; and (2) only a mortgage debtor's written agreement pursuant to General Obligations Law § 17-105 ("GOL § 17-105") could have extended the statute of limitations. Such an agreement has not been executed here. Plaintiff further contends that as the time-barred mortgage constitutes a cloud on title that must be cancelled and discharged pursuant to RPAPL 1501(4), Defendant must be permanently estopped from asserting any estate, lien, or interest in the subject premises.

Defendant opposes, arguing that the motion must be denied as: procedurally defective, in that all the pleadings were not annexed as required by CPLR 3212 (b), and (ii) substantively deficient, in that the mortgage loan was deaccelerated in 2012 through Defendant's voluntary discontinuance, which was memorialized in the 2012 Order, relying on *Freedom Mtge. Corp v. Engel*, 37 N.Y.3d 1 (2021), restoring the mortgage loan to installment payment status. Defendant further argues that retroactive application of FAPA, thus invalidating the revocation, would violate due process, the Takings Clause, and Contract Clause of the United States Constitution, by depriving Defendant of its vested property and contractual rights established under the 2012 Order. Finally, Defendant argues that FAPA lacks express retroactive intent, and that applying it as such would unconstitutionally extinguish existing rights to foreclose. Accordingly, Defendant's

3

[* 3]

position is that as the loan was reinstated to installment status after the 2012 Order, the statute of limitations has not expired, the mortgage is enforceable, and Plaintiff is not entitled to quiet title or discharge under RPAPL 1501 (4).

In reply, Plaintiff argues that Defendant's opposition papers offer no admissible evidence nor do the papers raise a triable issue of fact. In addition, Plaintiff argues that Defendant's procedural objection to the omitted pleadings should be disregarded under CPLR 2001 because no prejudice occurred as the pleadings were electronically filed and otherwise available to Defendant. Plaintiff maintains that the discontinuance of the first action did not revoke or deaccelerate the mortgage loan, because neither the 2012 Order nor any subsequent writing evinced an intent to revoke the acceleration or restore the loan to payment status.

Moreover, Plaintiff asserts that no written agreement under GOL § 17-105 extended the statute of limitations. Plaintiff contends that FAPA is a statute enacted to correct *Engel*, 37 N.Y.3d at 1, and must be applied retroactively to prevent mortgage lenders from manipulating limitations periods. Further, Plaintiff argues that FAPA does not violate due process or the United States Constitution because mortgage lenders hold no vested rights to unilaterally reset the statute of limitations, and that the time-barred mortgage constitutes an unlawful cloud on title that must be discharged.

## DISCUSSION

"The proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. Failure to make such prima facie showing requires a denial of the motion, regardless of the sufficiency of the opposing papers. Once this showing has been

4

made, however, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action." *Alvarez v. Prospect Hosp.*, 68 N.Y.2d 320, 324 (1986) (internal citations omitted). An action to foreclosure a mortgage must be commenced within six years. CPLR 213 (4). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt. Acceleration occurs, inter alia, by the commencement of a foreclosure action." *Deutsche Bank Natl. Trust Co. v. Adrian*, 157 A.D.3d 934, 935 (2d Dep't 2018) (internal quotations and citations omitted).

As an initial matter, Defendant's argument that Plaintiff's failure to attach the pleadings mandates denial of the motion is without merit. This is a non-prejudicial defect, as the pleadings in this matter are electronically filed and available to the parties. *See Avalon Gardens Rehabilitation & Health Care Ctr., LLC v. Morsello*, 97 A.D.3d 611 (2d Dep't 2012). The Court exercises its discretion under CPLR 2001 to consider Plaintiff's motion on the merits.

In this case, the first action in 2006 expressly accelerated the mortgage loan and demanded full payment of all sums secured by the mortgage. This action was later discontinued. The second action was dismissed as barred by statute of limitations, and this finding was affirmed on appeal. Therefore, Plaintiff has established its prima facie entitlement to judgment that enforcement of the mortgage is time-barred. Defendant has failed to raise a triable issue of fact in opposition. Furthermore, contrary to Defendant's contention, the discontinuance of the first action did not deaccelerate or revoke the acceleration. The argument was previously rejected by the court in the 2012 Order dismissing the second action, and this finding was affirmed on appeal.

5

[* 5]

FAPA was intended to be applied retroactively and is constitutional. Defendant's arguments to the contrary have been rejected by the Appellate Division, Second Department. *See Wells Fargo Bank v. Salko*, 241 A.D.3d 851 (2d Dep't 2025); *see also Deutsche Bank Natl. Tr. Co. v. Dagrin*, 233 A.D.3d 1065 (2d Dep't 2024); *U.S. Bank v. Mongru*, — A.D.3d —, 2025 NY Slip Op 04807 (2d Dep't 2025). The Court notes that even prior to FAPA being enacted (post-*Engel*), GOL § 17-105 was the sole mechanism to revive a time-barred claim in the context of a foreclosure action. The post-FAPA amendment to GOL § 17-105 merely clarified this, notwithstanding FAPA's amendments to CPLR 203 (h) and 3217 (e). *See Batavia Townhouses, Ltd. v. Council of Churches Hous. Dev. Fund Co., Inc.*, 38 N.Y.3d 467, 472 (2022) ("General Obligations Law §17-105, by its express terms, is the sole statute governing the tolling or revival of the statute of limitations for an action to foreclose a mortgage.").

An important distinction exists between a lender's right to revoke acceleration, and the effect of such a revocation the statute of limitations. *See US Bank v. Williams*, 80 Misc. 3d 258, 265-266 (Sup. Ct. Putnam Co. 2023). In *Ditech Fin. LLC v. Naidu*, 82 Misc. 3d 452, 460 (Sup. Ct. Queens Co. 2023), the court explained that "plaintiff's ability to revoke the loan's acceleration remains unimpaired as FAPA did not disturb the Court of Appeals' opinion in *Engel*, which holds that absent a contemporaneous statement to the contrary, a discontinuance of a foreclosure will revoke a prior election to accelerate. Instead, FAPA merely addresses the effect of revoking acceleration as it pertains to the statute of limitations so as to reconcile with General Obligations Law § 17-105 and CPLR 201." Therefore, Defendant's deceleration of the mortgage did not reset the statute of limitations. Accordingly, the mortgage is time-barred.

[* 6]

**CONCLUSION**

Accordingly, Plaintiff's motion is GRANTED in its entirety. Plaintiff shall serve notice of entry within fifteen (15) days of upload of the instant order to NYSCEF upon Defendant and all parties who have appeared in this action. Further, Plaintiff is to settle a judgment on notice and submit an affirmation of fees within thirty (30) days of upload of the instant order to NYSCEF.

This constitutes the Decision and Order of the Court.

ENTER:

_____

Hon. Carolyn Walker-Diallo, J.S.C.